James Howard TURNER,
Petitioner–Appellee,

v.

STATE OF TENNESSEE, et al.,
Respondents–Appellants.

No. 87–5891.

United States Court of Appeals,
Sixth Circuit.

Argued Feb. 19, 1988.

Decided Oct. 7, 1988.

**1202**

W.J. Michael Cody, Atty. Gen. of Tennessee, Nashville, Tenn., Kymberly Lynn Anne Hattaway (argued), for respondents-appellants.

Edward N. Yarbrough (argued), J. Russell Heldman, Hollins, Wagster and Yarbrough, Nashville, Tenn., for petitioner-appellee.

Before KEITH, MARTIN, and RYAN, Circuit Judges.

BOYCE F. MARTIN, Jr., Circuit Judge.

The State of Tennessee appeals the district court's conditional grant of a writ of habeas corpus. James Howard Turner, who was awaiting retrial in a Tennessee criminal court, petitioned the district court for habeas corpus relief on the grounds that his impending retrial would violate his Sixth Amendment right to the effective assistance of counsel and his Fourteenth Amendment right to due process of law free of vindictive prosecution. The district court conditionally granted the writ, and we now affirm.

## I.

Turner and two co-defendants, Earl Carroll and Sam John Passarella, were indicted for the kidnapping of Monte Hudson and his wife and for the murder of Mr. Hudson. The record indicates that the co-defendants

accosted the Hudsons in the parking lot of a Nashville Hotel. Mrs. Hudson, who was driven away by Turner, was released unharmed the following day. Mr. Hudson, however, was taken by Carroll and Passarella and murdered.

The co-defendants were tried separately. Carroll agreed to a two-year sentence for simple kidnapping. After a jury trial at which both Carroll and Mrs. Hudson testified, Passarella was convicted of two counts of aggravated assault and sentenced to 70 years in prison.

Turner was represented by Lance Bailey, an attorney from Socorro, New Mexico. Assistant district attorney general John Zimmerman, who also tried the case and is responsible for plea negotiations now, represented the State. Concerned about the trauma that Mrs. Hudson would suffer by testifying at another trial, the State offered Turner the same plea arrangement that Carroll had accepted. This offer remained open until the deadline for settlements imposed by the court. Despite strong recommendations from other attorneys to accept the plea offer, Bailey advised Turner against this offer. The deadline for settlement expired.

On February 9, 1983, Turner was tried before a jury on one count of felony murder and two counts of aggravated kidnapping. Carroll and Mrs. Hudson again testified. Turner was convicted on all three counts and sentenced to life imprisonment for murder plus 40 years on each kidnapping count.

Turner moved for a new trial on the grounds that he had received ineffective assistance of counsel in deciding to reject the two-year plea offer. After an evidentiary hearing, the state trial court granted the motion. *State v. Turner*, No. C–8536 (Fifth Cir.Ct. for Davidson County Nov. 3, 1983). The Court of Criminal Appeals affirmed, *State v. Turner*, No. 83–287–III (Tenn.Crim.App. Aug. 7, 1984), and the Tennessee Supreme Court denied permission to appeal and concurred in the result. *State v. Turner*, No. 83–287–III (Tenn. Dec. 17, 1984).

Pursuant to the order of the state trial court, Turner was detained from the time of his trial in February of 1983 until the Tennessee Supreme Court's decision in December of 1984. Upon remand to the trial court for a new trial, Turner was released on bond and plea negotiations resumed. During these negotiations, the State refused to offer Turner a plea of less than 20 years. Eventually, Turner petitioned the trial court to order the State to reinstate its original two-year offer or, in the alternative, to dismiss the indictment. The state trial court granted Turner's motion on the grounds that the "only way in which the constitutional violation can be neutralized in this case, is to require the State to reinstate the two year plea bargain offer, or to order the case dismissed." *State v. Turner*, No. C–8536, slip op. at 4 (Fifth Cir.Ct. for Davidson County Feb. 28, 1985).

Pursuant to Tenn.R.App.P. 10, the State applied for an extraordinary appeal. In reversing, the Tennessee Court of Criminal Appeals held that the court could not require the State to make a particular plea bargain offer and that the proper remedy was to remand for a new trial. *State v. Turner*, 713 S.W.2d 327 (Tenn.Crim.App. 1986). The Tennessee Supreme Court denied permission to appeal, *State v. Turner*, 713 S.W.2d 327 (Tenn.Crim.App.1986), and the U.S. Supreme Court denied certiorari. *Turner v. Tennessee*, 479 U.S. 933, 107 S.Ct. 407, 93 L.Ed.2d 360 (1986). Trial was set for June 15, 1987. On February 25, 1987, Turner petitioned the federal district court for a writ of habeas corpus pursuant to 28 U.S.C. §§ 2241(c)(3) and 2254(a).

The district court found that it had jurisdiction to entertain Turner's petition and that Turner had exhausted his state remedies on the issues of the appropriate remedy for deprivation of his right to counsel and the application of the presumption of vindictive prosecution to the subsequent plea bargaining. After deciding that ineffective advice to reject a plea offer can infringe the right to effective assistance of counsel guaranteed by the Sixth Amendment, the district court determined de novo that Bailey's conduct was both incompetent and prejudicial under *Strickland v. Wash-*

*ington,* 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). Finally, the district court determined that the appropriate remedy for the deprivation of Turner's Sixth Amendment right would be a new plea hearing during which a rebuttable presumption of vindictiveness would attach to any plea offer made by the State in excess of its original two-year offer. Therefore, the district court ordered that a writ of habeas corpus be issued unless the state trial court held such a hearing. *Turner v. State of Tennessee,* 664 F.Supp. 1113 (M.D. Tenn.1987).

On appeal, the State makes four arguments. First, the State claims that the district court did not have jurisdiction under 28 U.S.C. § 2241(c) to entertain Turner's petition for habeas corpus relief. Second, the State contends that Turner did not exhaust his state remedies regarding his claim of prosecutorial vindictiveness. Third, the State argues that Turner's Sixth Amendment right to the effective assistance of counsel was never violated. Finally, the State maintains that a presumption of prosecutorial vindictiveness should not attach to subsequent plea offers. We consider each of these arguments in turn.

## II.

■ Under 28 U.S.C. § 2241(c)(3), a district court has power to grant habeas corpus relief to a prisoner who is "in custody in violation of the Constitution ... of the United States." The State contends that the district court did not have jurisdiction to entertain Turner's request for habeas corpus relief because Turner was not "in custody in violation of the Constitution." We find no merit to this position. First, it is clear that Turner is "in custody" for the purpose of federal habeas corpus jurisdiction. As we held in *Delk v. Atkinson,* 665 F.2d 90, 93 (6th Cir.1981), "[o]ne who has been released on bail while awaiting trial is in 'custody' for the purposes of § 2241." Furthermore, Turner clearly claimed to be in custody "in violation of the Constitution." Again as we said in *Delk v. Atkinson,* "28 U.S.C. § 2241(c)(3) ... does permit the issuance of the writ at the instance of

one who claims he is in custody in violation of the Constitution of the United States, regardless of whether a judgment has been rendered." *Id.* In his petition for habeas corpus relief, Turner alleged that his impending retrial would violate his Sixth Amendment right to the effective assistance of counsel and his Fourteenth Amendment right to due process of law free of vindictive prosecution. Therefore, the district court properly exercised jurisdiction under 28 U.S.C. § 2241(c)(3) over Turner's claim that he was in custody in violation of the Constitution. *Accord United States ex rel. Caruso v. Zelinsky,* 689 F.2d 435, 437 (3d Cir.1982) (a Sixth Amendment right to effective assistance of counsel at the plea bargaining stage is a claim cognizable under federal habeas corpus statutes).

## III.

As the Supreme Court stated, "[w]here a state defendant is released on bail or on his own recognizance pending trial or pending appeal, he must still contend with the requirements of the exhaustion doctrine if he seeks habeas corpus relief in the federal courts." *Hensley v. Municipal Court,* 411 U.S. 345, 353, 93 S.Ct. 1571, 1576, 36 L.Ed. 2d 294 (1973). We are convinced that Turner has exhausted his state remedies.

Although the State does not argue otherwise, we note that Turner has exhausted his state remedies with respect to his claim that the scheduled state retrial would violate his right to the effective assistance of counsel: Turner "has taken his claim that he should not be tried again as far as he can in the state courts." *Justices of Boston Municipal Court v. Lydon,* 466 U.S. 294, 302, 104 S.Ct. 1805, 80 L.Ed.2d 311 (1984).

The State does, however, argue that Turner failed to exhaust his state remedies with regard to his claim of prosecutorial vindictiveness. On February 12, 1987, the state trial court held a brief hearing during which Turner again rejected the State's twenty-year plea offer and the court set a trial date. The entire transcript of this hearing is ten pages, double-spaced. The State now contends that this transcript,

which was presented to the district court but was never passed upon by the state appellate courts, contained "new evidence" that placed Turner's claim for relief "in a significantly different and stronger evidentiary position than it was in the state courts."

It is well-settled that a federal habeas corpus petitioner must present the state courts with the same factual and legal claims that he urges upon the federal court. *Anderson v. Harless*, 459 U.S. 4, 6, 103 S.Ct. 276, 277, 74 L.Ed.2d 3 (1982). In *Sampson v. Love*, 782 F.2d 53 (6th Cir.), *cert. denied*, 479 U.S. 844, 107 S.Ct. 159, 93 L.Ed.2d 98 (1986), for example, this court held that a habeas corpus petitioner, who had presented to the district court newly-discovered evidence of vindictiveness not considered at the state level, had not exhausted his state remedies because the new evidence placed the petitioner's claim "in a significantly different posture than that at the state level." *Id.* at 57. Turner's situation, however, is easily distinguished. The transcript of the February 12, 1987 hearing, which contained no new "evidence," clearly did not place Turner's claim in a "significantly different posture." Consequently, the State's argument that submission of the transcript to the district court required another review of the case by the state courts is without merit.

Having concluded that the federal habeas corpus statutes grant jurisdiction over Turner's petition and that Turner has exhausted his state remedies, we consider whether principles of federalism indicate that the district court should not have entertained Turner's petition for habeas corpus relief. Ordinarily, federal courts should not enjoin pending state criminal proceedings. *Younger v. Harris*, 401 U.S. 37, 91 S.Ct. 746, 27 L.Ed.2d 669 (1971). Where, however, "special circumstances" justify federal intervention, a district court can exercise pre-trial habeas corpus jurisdiction over state criminal proceedings. *Braden v. 30th Judicial Circuit Court of Kentucky*, 410 U.S. 484, 489, 93 S.Ct. 1123, 1127, 35 L.Ed.2d 443 (1973). This circuit has already established that a district court

may entertain a petition for habeas corpus relief prior to a retrial in state court where the petitioner alleges that the retrial would be constitutionally offensive. *Delk v. Atkinson*, 665 F.2d 90 (6th Cir.1981). Consequently, we conclude that the district court properly entertained Turner's petition for habeas corpus relief.

## IV.

The State also contends that, contrary to the finding of every state and federal court that has examined this case, Turner's Sixth Amendment right to the effective assistance of counsel was not violated. Although, as the district court observed, "[n]either the Supreme Court nor the Sixth Circuit ever has squarely held that incompetence of counsel that results in a defendant deciding to go to trial rather than plead guilty infringes the right to effective assistance of counsel guaranteed by the Sixth Amendment," 664 F.Supp. at 1118, the State does not challenge the proposition that incompetent advice to reject a plea offer can constitute a Sixth Amendment deprivation. The district court, after a thoughtful analysis, concluded that "an incompetently counseled decision to go to trial appears to fall within the range of protection appropriately provided by the Sixth Amendment." *Id.* at 1120. We agree with the district court's analysis and conclusion. *Accord Johnson v. Duckworth*, 793 F.2d 898, 900–02 (7th Cir.) (criminal defendant has right to effective assistance of counsel in deciding whether to accept or reject proposed plea agreement), *cert. denied*, 479 U.S. 937, 107 S.Ct. 416, 93 L.Ed.2d 367 (1986); *United States ex rel. Caruso v. Zelinsky*, 689 F.2d 435, 438 (3d Cir.1982) ("the decision to reject a plea bargain offer and plead not guilty is also a vitally important decision and a critical stage at which the right to effective assistance of counsel attaches"); *Beckham v. Wainwright*, 639 F.2d 262, 267 (5th Cir. 1981) (incompetent advice to withdraw a negotiated guilty plea and instead stand trial violates defendant's right to effective assistance of counsel).

■ While agreeing that the right to the effective assistance of counsel extends to the decision to reject a plea offer, the State challenges the conclusion that this right was violated. Under *Strickland v. Washington*, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984), a Sixth Amendment claim of ineffective assistance of counsel is not constitutionally cognizable unless it can be shown that the attorney's conduct was both incompetent and prejudicial. Although it does not contend that Turner's counsel was not incompetent, the State argues that no Sixth Amendment violation was demonstrated because Turner failed to establish that he suffered prejudice as the result of his counsel's misconduct. To establish the requisite prejudice, the "defendant must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* at 694, 104 S.Ct. at 2068.[1] "A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Id.*

In arguing that Turner failed to demonstrate a reasonable probability that, but for his counsel's errors, the result of the proceeding would have been different, the State identifies two alleged deficiencies in Turner's proof. First, the State claims that Turner did not demonstrate that he actually would have accepted the two-year plea offer had his counsel so advised. Second, the State claims that Turner failed to establish that the trial court would have approved the plea arrangement had Turner agreed to it.

■ The State is correct in maintaining that Turner must establish that there is a reasonable probability that, but for the incompetence of counsel, he would have accepted the two-year offer and pled guilty. The State, however, is incorrect in maintaining that Turner has not satisfied this burden. In considering this issue, the district court wrote:

Turner testified that if Bailey had ever advised him to accept the offer, he "would have taken it, because I relied on his judgment." Transcript at 112–13. This testimony, by itself, is subjective, self-serving, and in the Court's view insufficient to satisfy the *Strickland* requirement for prejudice. There is objective evidence in the record, however, that tends to corroborate Turner's claim and provides independent reason to believe that there is a significant probability that, had Bailey's advice been reasonable, Turner would have accepted the offer.

Turner's response to the two-year offer was to propose a one-year counteroffer. This fact itself rebuts the State's argument that Turner's publicly and privately professed belief in his innocence would have prevented a plea. Moreover, as Binkley testified, the mandatory parole date for a one-year sentence was nine months, and the mandatory parole date for a two-year sentence was thirteen and a half months—leaving only a four-and-a-half month difference in time actually to be served under the offer and the counteroffer. Only a small difference remained between offer and counteroffer, and therefore only a small change in Bailey's advice might have closed the gap. Finally, Judge Kurtz concluded on the basis of the proof at the hearing *and* of "the Court's own observations during the course of this litigation," that "Turner at all times appeared to be under Bailey's control." *Turner I* Memorandum at 3. This factual finding based upon demeanor is entitled to considerable deference under 28 U.S.C. § 2254(d). *Patton v. Yount* [467 U.S. 1025, 104 S.Ct. 2885, 81 L.Ed.2d 847 (1984)].

On *de novo* review, this Court concludes that there is objective evidence in the record "sufficient to undermine confidence in the outcome" so that petitioner

---

1. In *Hill v. Lockhart*, 474 U.S. 52, 58–59, 106 S.Ct. 366, 370–73, 88 L.Ed.2d 203 (1985), the Supreme Court confirmed that the prejudice requirement of *Strickland v. Washington* applies to challenges to guilty pleas based on ineffective assistance of counsel. "In other words, in order to satisfy the 'prejudice' requirement, the defendant must show that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." *Id.* at 59, 106 S.Ct. at 370.

has met his burden of establishing that there is a reasonable probability that, but for Bailey's incompetence, he would have accepted the two-year offer and pled guilty. The requirements of *Strickland, supra,* and *Hill, supra,* are satisfied. Petitioner was denied the effective assistance of counsel guaranteed by the Sixth Amendment.

664 F.Supp. at 1121–22. Based on the foregoing analysis, we agree with the district court's conclusion that Turner established a reasonable probability that, absent his counsel's incompetence, he would have accepted the State's two-year plea offer.

■ Moreover, we are unpersuaded by the State's argument that Turner failed to prove prejudice because he did not establish that the state trial court would have approved the two-year plea arrangement. Although the State is correct in stating that a plea agreement must be approved by the trial court before it becomes dispositive, *see Mabry v. Johnson,* 467 U.S. 504, 507, 104 S.Ct. 2543, 2546, 81 L.Ed.2d 437 (1984) and Tenn.R.Crim.P. 11(e)(3), we do not believe that Turner was required to demonstrate a reasonable probability that the trial court would have approved the two-year plea arrangement. *See United States ex rel. Caruso v. Zelinsky,* 689 F.2d 435, 438 n. 2 (3d Cir.1982) (court finds that federal habeas corpus petitioner presented meritorious Sixth Amendment claim of ineffective assistance of counsel in decision to reject plea bargain offer even though petitioner did not rebut possibility that "the trial court might not have approved the alleged terms of the plea bargain"). We know of no case or statute that imposes such a requirement, and we think it unfair and unwise to require litigants to speculate as to how a particular judge would have acted under particular circumstances.[2]

■ We find it much more significant that the State can point to no evidence that indicates that the state trial court would not have approved the two-year plea arrangement. We believe that, if the State wishes to suggest that the trial court would not have approved this plea arrangement, the State, and not Turner, bears the burden of persuasion. The prosecution may, therefore, argue that a prisoner, who has established a reasonable probability that, but for his counsel's ineffective assistance, he would have accepted a plea arrangement offered by the prosecution, was, nevertheless, not prejudiced because the trial court would not have approved the plea arrangement. To prevail on such an argument, however, the prosecution must offer clear and convincing evidence that the trial court would not have approved the plea arrangement. Here, Turner has established a reasonable probability that he would have accepted the State's two-year plea offer were it not for his counsel's ineffective assistance. The State, on the other hand, has offered no evidence that the state trial court was not prepared to approve the contemplated plea arrangement. Consequently, we hold that Turner has established prejudice under *Strickland v. Washington.*

**V.**

■ Remedies for the deprivation of the Sixth Amendment right to the effective assistance of counsel "should be tailored to the injury suffered from the constitutional violation and should not unnecessarily infringe on competing interests." *United States v. Morrison,* 449 U.S. 361, 364, 101 S.Ct. 665, 668, 66 L.Ed.2d 564 (1981). In fashioning a remedy for Turner, the district court properly recognized that a new trial cannot remedy the specific deprivation suffered. 664 F.Supp. at 1123–24. Turner

**2.** We note, however, that the record does establish a reasonable probability that the trial court would have approved the plea arrangement. First, Tenn.R.Crim.P. 11 essentially requires a trial court to ensure that a criminal defendant enter a guilty plea in an informed and voluntary manner. Therefore, by establishing a reasonable probability that he would have accepted the plea arrangement had his counsel so advised, Turner in effect established a reasonable probability that his guilty plea would have satisfied the requirements for acceptance under Rule 11. Second, the trial court approved an almost identical two-year plea arrangement for Turner's co-defendant Carroll. Finally, the various rulings of the state trial court give a strong indication that it was prepared to approve the original two-year offer had Turner accepted it.

does not complain of inadequate representation during trial. Instead, Turner claims that his counsel's misconduct cost him the opportunity to consider the State's two-year plea offer with the constitutionally-guaranteed assistance of counsel. Consequently, "[o]ne more fair trial, or even a series of them, would not necessarily revive the lost chance." *State v. Kraus,* 397 N.W.2d 671, 674 (Iowa 1986). *Accord United States ex rel. Caruso v. Zelinsky,* 689 F.2d 435, 438 (3d Cir.1982). Indeed, the only way to neutralize the constitutional deprivation suffered by Turner would seem to be to provide Turner with an opportunity to consider the State's two-year plea offer with the effective assistance of counsel.

The Supreme Court has indicated that specific performance of a plea agreement is a constitutionally permissible remedy. *Mabry v. Johnson,* 467 U.S. 504, 510 n. 11, 104 S.Ct. 2543, 2548 n. 11, 81 L.Ed.2d 437 (1984); *Santobello v. New York,* 404 U.S. 257, 263, 92 S.Ct. 495, 499, 30 L.Ed.2d 427 (1971). Nevertheless, the district court declined to require the State to reinstate its two-year plea offer. Instead, the district court concluded that Turner had "no absolute right to the remedy of specific performance of the former plea offer" but that the state court withdraw the offer only upon showing that the "withdrawal is free of a reasonable apprehension of vindictiveness." 664 F.Supp. at 1125. The district court went on to state that "a satisfactory showing would rescind the two-year bargain and free the parties to negotiate as usual." *Id.* at 1124. The State now contends that a presumption of prosecutorial vindictiveness should not attach to subsequent plea offers in excess of the original two-year offer.

■ The Supreme Court has clearly established that a criminal defendant who successfully pursues his constitutional right to direct or collateral relief from conviction may not be subjected to greater punishment for exercising that right. *See, e.g., Blackledge v. Perry,* 417 U.S. 21, 94 S.Ct. 2098, 40 L.Ed.2d 628 (1974). To protect against the chilling effects posed by such retaliation, a rebuttable presumption of prosecutorial vindictiveness should be established where there is a "realistic likelihood" of prosecutorial retaliation. *Id.* at 27, 94 S.Ct. at 2102. In *United States v. Goodwin,* 457 U.S. 368, 102 S.Ct. 2485, 73 L.Ed.2d 74 (1982), the Supreme Court established criteria for determining whether a "realistic likelihood" of prosecutorial retaliation exists. As the district court recognized, courts should focus on "the nature of the right asserted" and "the timing of the prosecutor's action." *Id.* at 382, 381, 102 S.Ct. at 2493.

■ The Supreme Court announced that the presumption was appropriate where the right asserted would require "duplicative expenditures of prosecutorial resources," *Id.* at 383, 102 S.Ct. at 2494, and would require the State "to do over what it thought it had already done correctly." *Id., quoting Colten v. Kentucky,* 407 U.S. 104, 117, 92 S.Ct. 1953, 1960, 32 L.Ed. 2d 584 (1972). The Court pronounced the presumption especially warranted where the prosecutor moreover had a "personal stake" or there was "institutional bias against the retrial of a decided question." *United States v. Goodwin,* 457 U.S. at 383, 102 S.Ct. at 2494. As for the timing of the prosecutor's action, the Supreme Court announced that "a change in the charging decision made after an initial trial is completed is much more likely to be improperly motivated than is a pre-trial decision." In light of these criteria, we agree with the district court that "the structural analysis of *Goodwing* requires a finding of a realistic likelihood of vindictiveness in this situation and demands application of a rebuttable presumption of vindictiveness to any plea offer made by the State in excess of its previous offer on the eve of the first trial." 664 F.Supp. at 1125.

We believe that the district court's remedy for Turner's Sixth Amendment deprivation comports with the requirements of *United States v. Morrison.* Granting Turner another trial would not adequately remedy Turner's constitutional deprivation. On the other hand, requiring specific performance of the original two-year plea ar-

rangement might unnecessarily infringe on the competing interests of the State. By allowing the State to withdraw the two-year plea offer upon showing that such a withdrawal is not the product of prosecutorial vindictiveness, the district court has struck the balance prescribed by *United States v. Morrison.*

The judgment of the district court is affirmed.

RYAN, Circuit Judge, concurring in part and dissenting in part.

While I agree that the writ of habeas corpus was properly issued in this case, and find no fault with the remedy the district court has fashioned to rectify the constitutional violation which has occurred, I cannot agree with the district court's determination that a presumption of vindictiveness should attach to the state's twenty-year plea bargain offer. There is not the slightest indication in this record that the state's offer to the defendant to recommend that the trial court accept a plea of guilty to one count of aggravated robbery with a maximum sentence of twenty years' confinement is vindictive action taken as a means to punish the defendant for successfully appealing his conviction and seventy-year sentence.

The unique facts of this case warrant the unique relief we have approved—a hearing at which the state is required to show cause why its former offer of a two-year maximum sentence should not be reinstated. But nothing in this court's opinion or the district court's suggests a valid reason for further burdening the state's position by imposing a judge-made presumption, albeit rebuttable, that the state's twenty-year plea offer is vindictive. The controlling Supreme Court authorities for determining whether a presumption of vindictiveness should be judicially imposed make clear that "the Due Process Clause is not offended by all possibilities of increased punishment ... but only by those that pose a realistic likelihood of 'vindictiveness.'" *United States v. Goodwin,* 457 U.S. 368, 384, 102 S.Ct. 2485, 2494, 73 L.Ed.2d 74 (1982); *Blackledge v. Perry,* 417 U.S. 21,

27, 94 S.Ct. 2098, 2102, 40 L.Ed.2d 628 (1974). There is no such realistic likelihood in this case. The state originally had a compelling reason for making the inordinately lenient offer to Turner of a two-year plea: the concern that the prosecution would fail because Mrs. Hudson, one of the kidnapping victims, was "apprehensive about testifying again at the Turner trial," since she had already been through the unpleasant experience of testifying against Turner's co-defendant, Passarella. Apparently Mrs. Hudson's family also shared her reluctance to face the ordeal of another trial. Through no fault of the state of Tennessee, that early lenient offer was rejected by the defendant and the state was required to proceed to trial, risking the possibility of losing the case entirely if Mrs. Hudson's "apprehensiveness" hardened into non-cooperation. As it turned out, it did not. She testified against Turner, and he was convicted of two counts of kidnapping and one count of murder in the first-degree.

The convictions and the seventy-year sentence that resulted have now been set aside. The defendant, save for the unconstitutional ineptness of his retained counsel, would ordinarily be entitled to no more than a trial with the prospects of acquittal and freedom on the one hand, or a conviction and confinement for any number of years up to life on the other. The state of Tennessee, as prosecutor, has done nothing improper to bring about that state of affairs. The compelling motivation it once had to "give away the store," in the form of a two-year plea agreement, no longer exists, however. Nevertheless, the state has offered to allow Turner to plead guilty to a single count of aggravated kidnapping rather than the two counts of aggravated kidnapping and one of murder in the first degree, and to recommend a sentence of not more than twenty years. Whether Tennessee should be permitted to rescind its previous two-year plea offer in favor of its present twenty-year offer is a matter to be resolved by the state trial judge. No reason has been shown, however, to justify imposing upon the proceedings a judicial determination that the offer the state pres-

ently has on the table reflects presumptively vindictive retaliation against the accused for proving that he was the victim of the unconstitutional ineffectiveness of his retained counsel.

I would return the proceedings to the trial court for a hearing requiring the state of Tennessee to show cause why the original two-year plea offer should not be reinstated, but without the application of any presumption in the matter because it is evident from the record before us that the state's twenty-year plea offer does not "pose a realistic likelihood of vindictiveness." *Goodwin, supra; Blackledge, supra.*