THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee and Cross-Appellant, v. LEAMON JORDAN, Defendant-Appellant and Cross-Appellee.—THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellant and Cross-Appellee, v. LEAMON JORDAN, Defendant-Appellee and Cross-Appellant.

Third District   Nos. 3—88—0505, 3—88—0518 cons.

Opinion filed June 16, 1989.—Rehearing denied July 14, 1989.

Edward F. Masters and Edward Burmilla, State's Attorneys, of Joliet (John X. Breslin and Gary F. Gnidovec, both of State's Attorneys Appellate Prosecutor's Office, of counsel), for the People.

Robert Agostinelli and Peter A. Carusona, both of State Appellate Defender's Office, of Ottawa, for Leamon Jordan.

JUSTICE STOUDER delivered the opinion of the court:

Both the State and Leamon Jordan appeal from the judgment of the circuit court of Will County, which, after a hearing on Jordan's post-conviction petition, reduced his sentence of imprisonment. Jordan was convicted of murder and kidnapping and was given extended sentences of 60 years' imprisonment and 14 years' imprisonment for the respective crimes. This court affirmed the judgment of conviction and sentence (*People v. Jordan* (1983), 114 Ill. App. 3d 16, 448 N.E.2d 237), and the supreme court of Illinois affirmed the judgment convicting Jordan, but reduced the concurrent kidnapping sentence from 14 to 7 years' imprisonment (*People v. Jordan* (1984), 103 Ill. 2d 192, 469 N.E.2d 569). Jordan filed this post-conviction petition some three years later, seeking relief from the alleged ineffective assistance of his defense counsel.

Jordan's petition relates and the circuit court found that Jordan's defense counsel was ineffective in two respects: first, in failing to encourage Jordan to accept the State's offer of a recommended sentence of 20 years' imprisonment in exchange for his testimony against the alleged codefendants in the murder for which he was convicted and, second, in having Jordan testify, repudiating line for line his prior confession to involvement in the crimes, after the defense counsel lost two motions to exclude Jordan's confession. The circuit court, having further found that Jordan, at the post-conviction hearing, admitted his involvement in the murder and that Jordan was "ruined" as a State's witness, concluded that the most appropriate form of relief was to reduce Jordan's 60 years' imprisonment sentence to a sentence of 35 years' imprisonment.

In this appeal, the State argues that the circuit court erred in concluding that Jordan's defense counsel was ineffective. Jordan contrarily argues that the circuit court was correct in its conclusion but asserts that the court erred in failing to grant greater relief. Jordan argues alternatively that the circuit court's judgment reducing his sentence to 35 years' imprisonment should be affirmed.

■ In arguing their respective positions, both parties cite to the standard relating to ineffective assistance of counsel set by the Supreme Court of the United States in *Strickland v. Washington* (1984), 466 U.S. 668, 80 L. Ed. 2d 674, 104 S. Ct. 2052. To support a relievable claim of ineffective assistance of counsel under *Strickland*, a defendant must show that there is a reasonable probability that the result of the proceeding would have been different but for the fact that defense "counsel's representation fell below an objective standard of reasonableness." 466 U.S. at 688, 80 L. Ed. 2d at

693, 104 S. Ct. at 2064.

In this case there is no argument that the outcome of the trial would have been different had Jordan's defense counsel assisted differently. In fact, as the circuit court noted, Jordan, at the hearing on his post-conviction petition, admitted again his involvement in the kidnapping and murder. Thus, because there was no prejudice to Jordan with respect to the finding of guilt, there is no merit to the assertion that Jordan's counsel rendered ineffective assistance by having Jordan testify. There remains, therefore, only the question of whether Jordan's counsel's advice to reject the State's offer of a sentence of 20 years' imprisonment constitutes ineffective assistance of counsel.

In this regard, Jordan relies substantially on *Turner v. Tennessee* (M.D. Tenn. 1987), 664 F. Supp. 1113, *aff'd* (6th Cir. 1988), 858 F.2d 1201. In *Turner* the defendant, relying on the advice of counsel, rejected the State's offer of a sentence of two years' imprisonment if he would plead guilty to one of the three counts charged against him. The defendant was subsequently convicted of all the counts, including kidnapping and murder, and sentenced to life imprisonment. After losing his State court appeals, Turner sought Federal *habeas corpus* relief, asserting primarily that he suffered a violation of his right to effective assistance of counsel when he relied to his detriment on his counsel's advice to reject the State's offer.

In support of his claim of ineffective assistance of counsel, Turner introduced evidence that his attorney "had an inflated estimate of his own abilities, an unrealistic estimate of the probabilities of outcome at trial, and a casual attitude toward trial preparation." (664 F. Supp. at 1115 n.6.) There was also evidence that Turner's attorney "used cocaine and consorted with prostitutes during the weekend that preceded trial." (664 F. Supp. at 1115 n.6.) Turner's counsel's advice to reject the State's offer was particularly unreasonable considering that at least two eyewitnesses—a codefendant and a victim—were available to testify against Turner. (664 F. Supp. at 1114.) In fact, cocounsel to the defendant, who had advised all along that Turner accept the State's offer, testified that he thought the decision to go to trial was "ludicrous." (664 F. Supp. at 1121.) Moreover, an attorney for one of Turner's codefendants, who had advised his client to accept the same offer which had been made to Turner, informed Turner's attorneys that Turner would "be crazy not to take" the two-year offer. (664 F. Supp. at 1121.) The district court, giving deference to these facts as found by the State court, concluded that Turner's counsel rendered ineffective assistance and

granted relief.

While the *Turner* case provides some authority for Jordan's position that ineffective assistance of counsel in deciding to reject an offer may result in the need to reinstate the offer, we note that unlike the substantiated assertions in *Turner* there is little, if any, evidence in this case, other than Jordan's own self-serving assertions, to support Jordan's argument that his counsel rendered unreasonable advice. Jordan's counsel, for instance, did not, as did the counsel in *Turner*, have to defend against eyewitness testimony of both a victim and a codefendant. Additionally, there is no evidence that Jordan's counsel was unreasonable in his estimation that Jordan would most likely receive a sentence not in excess of 30 years' imprisonment if convicted. Jordan's counsel's basis for such an estimation was most likely founded on the fact that while Jordan was present at the time of the crimes, he did not, according to his subsequently refuted confession, commit the murder. (See *People v. Jordan* (1983), 114 Ill. App. 3d 16, 448 N.E.2d 237.) Moreover, Jordan's counsel did not, like the counsel in *Turner*, appear to suffer from an exaggerated view of his abilities. On the contrary, the circuit court considered that Jordan's defense counsel, particularly in handling pretrial motions to exclude evidence, acted as an "extremely gifted and competent attorney." Thus, the *Turner* case has a factual basis which is absent from the case at bar, and there is otherwise no basis in the record for the circuit court to have concluded that Jordan's counsel rendered ineffective assistance in advising Jordan to reject the State's offer. Therefore, we hold that the circuit court erred in concluding that Jordan received ineffective assistance of counsel, and we accordingly reverse its judgment.

Reversed.

HEIPLE and SCOTT, JJ., concur.