925 F.2d 1466
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
William A. WRIGHT, Defendant-Appellant.
 No. 90-1157.
 United States Court of Appeals, Sixth Circuit.
 Jan. 7, 1991.
 
 Before WELLFORD and ALAN E. NORRIS, Circuit Judges, and FORESTER*, District Judge.
 PER CURIAM.
 
 
 1
 The defendant, William Arthur Wright, appeals his conviction for conspiracy to distribute and possession with intent to distribute a controlled substance under 21 U.S.C. section 846; unlawful distribution of a controlled substance under 21 U.S.C. section 841(a)(1); and illegal possession of a firearm after being convicted of a felony under 18 U.S.C. section 922(g)(1). The defendant was sentenced to two terms of 294 months and 60 months.
 
 
 2
 After Wright's conviction, his counsel, Jesse Odom, made a motion for a new trial on the grounds of ineffective assistance of counsel. At the evidentiary hearing on this motion, Wright testified that Odom had assured him he had a sound double jeopardy defense to the charges, based on a prior state prosecution for one of the drug sales alleged as an overt act in the federal conspiracy count. The defendant further testified that Odom had not explained to him that he faced a possible sentence of over twenty years. The defendant asserted, furthermore, that he would have accepted a plea bargain which had been offered him had he realized that double jeopardy was not a valid defense, and had he known the maximum possible sentence involved in the charges exceeded twenty years.
 
 
 3
 An assistant United States Attorney, Wayne Pratt, who served as trial attorney in this case, also testified at the hearing. Pratt testified that he had offered to allow defendant to plead guilty to a single drug count and a single gun count with a five year sentence cap recommended if defendant would agree to cooperate and identify his supplier. Pratt further testified that Odom told him that the defendant would not accept the plea offer because "he says he's not guilty." Pratt asked and received Odom's permission to discuss the offer directly with Wright. Pratt testified that when he spoke with the defendant he explained the terms of the offer to him and also pointed out that the maximum penalty on the drug charge was life. Pratt said that the defendant would not agree to cooperate because "he didn't know these drug people because he wasn't guilty." Pratt testified that the defendant repeated at least three times that he was not guilty and said at the end "Besides, I can't do five years." Pratt stated that neither Odom nor the defendant mentioned a possible double jeopardy defense to him. We AFFIRM.
 
 
 4
 In order to establish ineffective assistance of counsel, the defendant must show that his or her attorney's conduct was both incompetent and prejudicial. In Strickland v. Washington, 466 U.S. 668, 697 (1984), the Court held:
 
 
 5
 [A] court need not determine whether counsel's performance was deficient before examining the prejudice suffered by the defendant as a result of the alleged deficiencies. The object of an ineffectiveness claim is not to grade counsel's performance. If it is easier to dispose of an ineffectiveness claim on the ground of lack of sufficient prejudice, which we suspect will often be so, that course should be followed.
 
 
 6
 To establish prejudice, the defendant "must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Id. at 694. "A reasonable probability is sufficient to undermine confidence in the outcome." Id.
 
 
 7
 We have held that the right to effective assistance of counsel applies to the decision to reject a plea offer. Turner v. Tennessee, 858 F.2d 1201, 1205 (6th Cir.1988), vacated and remanded on other grounds, 109 S.Ct. 3208 (1989). Accord Johnson v. Duckworth, 793 F.2d 898, 900-02 (7th Cir.), cert. denied, 479 U.S. 937 (1986); United States ex. rel. Caruso v. Zelinsky, 689 F.2d 435, 438 (3d Cir.1982); Beckham v. Wainwright, 639 F.2d 262, 267 (5th Cir.1981).
 
 
 8
 The district court found that "defendant did not rely solely on the erroneous defense of double jeopardy when he refused to accept the government's plea offer," and that "the evidence does not support defendant's claim that he would have accepted the government's plea had he believed he could not assert the defense of double jeopardy." Therefore, the court concluded, "defendant's decision to reject the government's plea offer and proceed with trial was not based on incompetent advice of defense counsel." Thus the court concluded that the defendant had not established prejudice and therefore was not denied effective assistance of counsel.
 
 
 9
 The defendant claims, on the other hand, that Odom's alleged failure to understand the concept of double jeopardy resulted in ineffective assistance on his part. We may first determine whether a defendant was prejudiced by the alleged deficiencies of counsel before determining whether counsel's performance was, in fact, deficient. Strickland, 466 U.S. at 697.
 
 
 10
 We review findings of fact using the clearly erroneous standard. Hasler v. United States, 718 F.2d 202 (6th Cir.1983), cert. denied, 469 U.S. 817 (1984). According to the testimony of Pratt, the defendant persistently asserted that he was not guilty. The defendant disavowed any association with the "drug people" against whom Pratt wanted him to testify in return for the reduced sentence. It is thus logical to assume that the defendant, insisting upon his innocence, would not have accepted the plea bargain and thus would not have been prejudiced by the advice of his counsel about double jeopardy. We need not therefore consider the competence, or lack thereof, of defendant's counsel.
 
 
 11
 The defendant also claims that his attorney did not advise him of the maximum sentence that could be imposed if he were convicted of the charges. The defendant argues that just as a plea must be entered knowingly and voluntarily, it must also be rejected knowingly and voluntarily.
 
 
 12
 The district court did not make findings of fact on this issue because it concluded that the defendant would not have accepted a plea bargain regardless of counsel's advice. The district court found that the defendant was not prejudiced and we are satisfied that this finding was not erroneous.[1]
 
 
 13
 The district court found grounds to scrutinize the performance of defense counsel more carefully than usual. Despite heightened concern about counsel's representation, the finding that the defendant was not prejudiced by Odom's performance at trial was not clearly erroneous and is a sufficient basis to affirm.
 
 
 14
 We therefore AFFIRM the district court's decision.
 
 
 
 *
 THE HONORABLE KARL S. FORESTER, Judge, United States District Court for the Eastern District of Kentucky, sitting by designation
 
 
 [1]
 The district court could have found that the defendant was advised of the maximum penalty. Pratt testified that he told the defendant the maximum penalty on the drug charge was life. The defendant may also have been advised of the maximum sentence at the time of his arraignment before the magistrate