66 F.3d 338
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 Guadalupe BACHICHA, Petitioner-Appellant,
v.
John SHANKS, Warden; Attorney General of the State of New
Mexico, Respondents-Appellees.
 No. 94-2209.
 United States Court of Appeals, Tenth Circuit.
 Aug. 31, 1995.
 
 Before TACHA, LOGAN, and KELLY, Circuit Judges.
 
 ORDER AND JUDGMENT[1]
 
 1
 After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed. R.App. P. 34(a); 10th Cir. R. 34.1.9. The case is therefore ordered submitted without oral argument.
 
 
 2
 On June 15, 1989, a jury in state court convicted petitioner Guadalupe Bachicha of three counts of aggravated assault with a firearm, one count of aggravated battery with a firearm, three counts of false imprisonment, and one count of misdemeanor battery. The trial judge sentenced petitioner to seventeen years' imprisonment. For reasons not relevant to this petition, the New Mexico Court of Appeals remanded the case for resentencing. On June 29, 1992, the trial judge imposed a sentence of two years' imprisonment for each felony count, for a total sentence of fourteen years.
 
 
 3
 After petitioner exhausted his state court remedies, he filed this petition for federal habeas corpus relief pursuant to 28 U.S.C. 2254. The petition was assigned to a magistrate judge, who issued proposed findings and recommended that the petition be dismissed. After reviewing the magistrate's recommendation, the district court adopted it and dismissed the petition with prejudice. Petitioner now appeals.
 
 
 4
 Petitioner raises two claims. The first is that he was denied effective assistance of counsel in violation of the Sixth Amendment. Petitioner claims that his lawyer, Penni Adrian, was ineffective because she did not adequately inform him of his comparative sentence exposure between standing trial and accepting the prosecution's plea offer. The magistrate held an evidentiary hearing on this claim. At the hearing, petitioner testified that Adrian guaranteed him that if he accepted the plea offer he would be sentenced to seven-and-one-half years but would receive no more than three years if he went to trial. Petitioner also testified, however, that Adrian merely told him that he might receive a shorter sentence--and probably would not receive a longer sentence--than that offered in the plea if he went to trial. Petitioner's sister and Adrian also testifed at the hearing, at which Adrian's testimony largely contradicted petitioner's and his sister's.
 
 
 5
 "To prove that counsel was constitutionally ineffective, a defendant must show that counsel's performance was deficient' and that the deficient performance prejudiced the defense.' " Hatch v. Oklahoma, 58 F.3d 1447, 1456-57 (10th Cir.1995) (quoting Strickland v. Washington, 466 U.S. 668, 687 (1984)). To meet the second prong of the Strickland test, a defendant must demonstrate "that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different.' " Id. at 1457 (quoting Strickland, 466 U.S. at 694). To prove prejudice in the context of this case, petitioner "must establish that there is a reasonable probability that, but for the incompetence of counsel, he would have accepted the ... offer and pled guilty." Turner v. Tennessee, 858 F.2d 1201, 1206 (6th Cir.1988), vacated on other grounds, 492 U.S. 902 (1989); see also United States v. Day, 969 F.2d 39, 45 (3d Cir.1992). A petitioner's own self-serving testimony alone is insufficient to demonstrate a reasonable probability. See Turner, 858 F.2d at 1206-07. The petitioner must produce objective evidence that he would have accepted the plea. Id.
 
 
 6
 The magistrate found that petitioner "failed to identify any objective evidence in support of his claim of prejudice." Petitioner argues that this finding is clearly erroneous because his sister's testimony corroborated his own. Our review of the record compels us to affirm the magistrate's finding. Petitioner's sister, Sadie Raybon, testified that Adrian "promised" them that petitioner would receive a sentence of no more than three years if he was convicted. Like her brother, Raybon also testified that Adrian opined that petitioner would "do no worse than seven and a half years if he went to trial." Adrian testified that Raybon did not believe petitioner should be held criminally responsible for his acts, and that he should not have to spend any time in prison for them. The magistrate heard the testimony and observed the witnesses firsthand. His conclusion that petitioner failed to provide objective evidence establishing a reasonable probability that he would have accepted the plea offer is not clearly erroneous.
 
 
 7
 Petitioner's second claim is that his consecutive sentences for aggravated assault and false imprisonment violate the Double Jeopardy and Due Process Clauses of the Fifth Amendment. We review this legal question de novo. United States v. Raymer, 941 F.2d 1031, 1037 (10th Cir.1991). After reviewing the statutes and relevant case law, we conclude that the magistrate judge correctly analyzed this issue. We therefore hold, for substantially the reasons articulated in the magistrate judge's recommended disposition, that petitioner's Fifth Amendment rights were not violated.
 
 
 8
 For the reasons stated herein, we AFFIRM the district court's order dismissing the petition.
 
 
 9
 The mandate shall issue forthwith.
 
 
 
 [1]
 This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of the court's General Order filed November 29, 1993. 151 F.R.D. 470