Oscar **BORIA**, Petitioner,

v.

John **KEANE**, Superintendent, Sing Sing Correctional Facility, Respondent.

No. 95 Civ. 2248 (WCC).

United States District Court, S.D. New York.

Oct. 6, 1995.

---

See also, 204 A.D.2d 652, 612 N.Y.S.2d 80.

Robert N. Isseks, John S. McBride, Goshen, New York, and Alex Smith, Middletown, New York, of counsel, for Petitioner.

Francis D. Phillips, II, District Attorney of Orange County, Goshen, New York (Richard B. Schoenberg, Assistant District Attorney, of counsel), for Respondent.

## OPINION AND ORDER

WILLIAM C. CONNER, Senior District Judge:

Oscar Boria, who is currently incarcerated in Sing Sing Correctional Facility, has petitioned this Court for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Upon examination of his petition, we directed the government to respond. *See* Rule 4, Federal Rules Governing Section 2254 Cases. Based on our review of both parties' submissions, the petition is denied.

## BACKGROUND

On May 13, 1988, petitioner was arrested inside the garage at O.B.'s Towing, his place of business, during a "buy-bust" operation conducted by the state police and a police informant, Jeff Cannella. The arresting officers did not have a warrant. The officers recovered from petitioner's shirt pocket $2,000.00 in marked money that the police had given to Cannella to make the buy. On May 24, 1988, petitioner was indicted on one count of criminal sale of a controlled substance in the second degree, a Class A–II felony, for selling two ounces of cocaine to Cannella. Petitioner, represented by counsel, pled not guilty at his arraignment. Petitioner subsequently retained Gary Greenwald, Esq., to represent him. Greenwald was petitioner's counsel from June 10, 1988, through sentencing.

At some point after the indictment was returned, the District Attorney offered to permit petitioner to plead guilty to a Class B felony, with a sentence recommendation of one to three years in prison. The District Attorney advised Greenwald that if petitioner did not accept the plea offer, the District Attorney would seek a superseding indictment charging petitioner with a Class A–I felony. On August 10, 1988, Greenwald appeared in court and rejected the plea offer on

his client's behalf. The grand jury returned a superseding indictment on September 20, 1988, charging petitioner with one count of criminal sale of a controlled substance in the first degree. On January 4, 1990, following a jury trial, petitioner was convicted and sentenced to a term of twenty years to life.

Petitioner then moved under New York State Criminal Procedure Law § 440.10 to vacate the judgment of conviction on the ground of ineffective assistance of counsel. After a hearing, the Orange County Court issued a Decision and Order denying petitioner's motion on July 14, 1992. The Appellate Division, Second Department, granted leave to appeal that decision, and consolidated the appeal with the direct appeal of petitioner's conviction. In a Decision and Order dated May 23, 1994, the Appellate Division affirmed both the conviction and the denial of the motion to vacate. The New York Court of Appeals denied leave to appeal on July 22, 1994.

Petitioner filed this application for a writ of habeas corpus on April 5, 1995. The petition requests relief on three grounds: ineffective assistance of counsel, admission at trial of evidence that was seized in violation of the Fourth Amendment, and insufficiency of the evidence to prove petitioner's guilt beyond a reasonable doubt.

## DISCUSSION

A. Ineffective Assistance of Counsel

The Sixth Amendment guarantees to criminal defendants the "assistance of counsel" for their defense. *See* U.S. Const., amend. VI. The Supreme Court has held that "the right to counsel is the right to the effective assistance of counsel." *Strickland v. Washington,* 466 U.S. 668, 686, 104 S.Ct. 2052, 2063, 80 L.Ed.2d 674 (1984) (quoting *McMann v. Richardson,* 397 U.S. 759, 771 n. 14, 90 S.Ct. 1441, 1449, 25 L.Ed.2d 763 (1970)). The Supreme Court has articulated a two-prong test for determining whether a criminal defendant received effective representation.[1] First, the attorney's perfor-

---

1. This standard applies to ineffective assistance claims arising out of the plea process, as well as

out of counsel's conduct at trial or sentencing. *See Hill v. Lockhart,* 474 U.S. 52, 57, 106 S.Ct.

mance must be " 'within the range of competence demanded of attorneys in criminal cases.' " *Strickland*, 466 U.S. at 687, 104 S.Ct. at 2064 (internal citation omitted). To avoid the temptations of hindsight, the reviewing court must "indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." *Id.*, at 689, 104 S.Ct. at 2065. Second, if the attorney's performance was deficient, that deficiency must have prejudiced the defendant by creating a "reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.*, at 694, 104 S.Ct. at 2068. The defendant must satisfy both prongs of this standard. Therefore, if petitioner makes an insufficient showing on one component of the inquiry, we need not address the other. *See id.*, at 697, 104 S.Ct. at 2069.

■ Petitioner contends that he was deprived of effective assistance of counsel because Greenwald did not advise him to accept the plea offer and because Greenwald conducted no independent investigation of the case to enable him to evaluate properly whether his client should accept the plea offer. Petitioner maintains that Greenwald instead counseled him that he had a strong argument that the seizure of the marked money violated the Fourth Amendment and therefore a good chance of prevailing on a motion to suppress. Petitioner asserts that if Greenwald had advised him that he had a real chance of being found guilty, he would have accepted the plea offer. Greenwald contends that he discussed the plea offer with petitioner on several occasions and that petitioner was uninterested in pleading guilty because he steadfastly maintained his innocence and wanted his day in court.

In evaluating petitioner's contentions, we recognize that we do not begin our inquiry with a clean slate. Under 28 U.S.C. § 2254(d), "a determination after a hearing on the merits of a factual issue, made by a State court of competent jurisdiction [and] evidenced by a written finding ... shall be presumed to be correct...." To overcome this presumption, petitioner must provide "convincing evidence that the factual determination by the State court was erroneous." *Id.* In the alternative, upon review of the relevant portion of the record from the state court proceedings, the District Court may determine that the factual determination is not fairly supported by the record. *See* 28 U.S.C. § 2254(d)(8). The "high measure of deference" accorded to the state court's findings applies only to underlying issues of fact. *See Sumner v. Mata*, 455 U.S. 591, 597–98, 102 S.Ct. 1303, 1306–07, 71 L.Ed.2d 480 (1982); *Ventura v. Meachum*, 957 F.2d 1048, 1055 (2d Cir.1992). We review *de novo* a state court's conclusion that those factual circumstances demonstrate that petitioner received effective assistance of counsel. *See Strickland*, 466 U.S. at 698, 104 S.Ct. at 2070; *Winkler v. Keane*, 7 F.3d 304, 308 (2d Cir. 1993), *cert. denied*, —— U.S. ——, 114 S.Ct. 1407, 128 L.Ed.2d 79 (1994).

In the state courts, petitioner raised the same ineffectiveness arguments that he advances in this petition on his motion to vacate the conviction. In addition, petitioner asserted that he had not learned of the plea offer until September 18, 1989, the first day of jury selection for petitioner's trial. After an extensive evidentiary hearing, the Orange County Court issued a written Decision and Order in which the court found that the plea offer had been previously communicated to petitioner, that petitioner had maintained his innocence from the time of his arrest through sentencing, and that petitioner had been adequately and competently represented throughout the proceedings. *See People v. Boria*, Index No. 2929–88, at 5–7 (Orange County Ct. July 14, 1992) (Byrne, J.). The Appellate Division subsequently affirmed this ruling, and the Court of Appeals denied leave to appeal. Therefore, unless petitioner provides us with convincing evidence to the contrary or the state court's conclusions are not supported by the record, we must accept the state court's factual determinations that petitioner was informed of the plea offer in a timely fashion and that he maintained his innocence up until sentencing. We must

366, 369, 88 L.Ed.2d 203 (1985); *Brown v. Doe*, 2 F.3d 1236, 1246 (2d Cir.1993), *cert. denied*, ——

U.S. ——, 114 S.Ct. 1088, 127 L.Ed.2d 403 (1994).

draw our own conclusions as to whether petitioner was effectively represented.

In the memorandum filed in support of his petition, Boria does not directly challenge the state court's finding that he was informed of the plea offer in a timely fashion. The state court reached that determination after a full evidentiary hearing, and there is evidence in the record to support the court's conclusion. In particular, the court gave great weight to the testimony of two uninterested witnesses to whom petitioner mentioned, in early August 1989, that he had declined the plea offer. *See Boria*, at 5. The court noted that this testimony directly contradicted Boria's assertion that he had first learned of the plea offer at jury selection on September 18, 1989. *See id.* The court also accepted the testimony of Greenwald, corroborated by his employees and by a letter he wrote to Boria on August 15, 1988, that he had frequently discussed the plea offer with Boria during the summer of 1988. *See id.*, at 3–4. Because the state court's factual determination is fairly supported by the record and petitioner has not produced convincing evidence to the contrary, we will defer to the state court's finding that the plea offer was communicated to petitioner in a timely fashion.

■ Petitioner does challenge the state court's factual finding that petitioner insisted upon his innocence throughout the proceedings. As the state court noted, however, Greenwald testified that petitioner would not accept the plea offer because he was innocent, and the testimony of Greenwald's colleagues corroborated his statements with respect to "the offers and rejection of various pleas, and the defendant's posture of innocence and demand for a trial throughout the course of the proceeding." *Boria*, at 4. The testimony to which the state court refers includes that of a former associate of Green-

wald's, who testified that petitioner turned down a subsequent plea offer of three years to life in January 1989, stating that if "he hadn't taken the one to three offer ... [there was] no way he was going to take three to life. He wasn't going to go to jail or plead guilty to a crime he did not commit." *See Transcript of Hearing*, dated March 4, 1992, at 511. Because it is not our place to second-guess the state court's evaluation of the credibility of that evidence, *see Marshall v. Lonberger*, 459 U.S. 422, 434, 103 S.Ct. 843, 851, 74 L.Ed.2d 646 (1983) ("Title 28 U.S.C. § 2254(d) gives federal habeas courts no license to redetermine credibility of witnesses whose demeanor has been observed by the state trial court, but not by them."), we find that the record fairly supports the state court's conclusion.[2] Therefore, we will defer to the state court's factual finding that "based upon all the credible evidence, including his statement under oath at the time of sentence, the defendant maintained his innocence from the time of his arrest until this Court imposed sentence." *Boria*, at 6.

■ Petitioner contends nonetheless that he was prejudiced by Greenwald's failure to conduct an independent investigation of the case or to recommend that he accept the plea offer, because he would have accepted the plea agreement if he had been advised that there was "a real chance" that he would be found guilty at trial. *See Affidavit of Oscar Boria*, dated July 19, 1991, at ¶ 2. Aside from his own testimony,[3] petitioner argues that prior statements that Greenwald had made to the court provide an objective indication that petitioner would have been receptive to a plea offer. Petitioner relies on *Turner v. Tennessee*, 858 F.2d 1201 (6th Cir.1988), *rev'd on other grounds*, 492 U.S. 902, 109 S.Ct. 3208, 106 L.Ed.2d 559 (1989), as support for his argument. In *Turner*, the

2. Petitioner has also failed to present convincing evidence that the state court's factual determination was in error. However, because petitioner presented the asserted evidence of his receptiveness to a plea offer in the context of his arguments that he was prejudiced by Greenwald's conduct because he would have taken the offer if properly counseled, we will address his contentions when we evaluate whether he has demonstrated prejudice.

3. We discount, as the state court apparently did, petitioner's own testimony that he would have accepted the plea offer if Greenwald had not told him that he had a good chance of winning the case. Petitioner's self-interest in making this assertion is readily apparent. *Cf. Winkler*, 7 F.3d at 309 (approving state court's discounting of uncorroborated testimony of defendant's mother that he passed her note during trial indicating willingness to take plea).

Sixth Circuit found that defendant was prejudiced by his counsel's recommendation that he refuse a plea offer. *See Turner*, 858 F.2d at 1206–07. The Sixth Circuit discounted as self-serving the defendant's own testimony that he would have taken the plea offer if he had been advised to do so. *See id.*, 858 F.2d at 1206. The court found, however, sufficient objective evidence to establish prejudice based on the defendant's counteroffer of a one-year plea agreement in response to a two-year proposal. This clear evidence of defendant's willingness to deal refuted the state's argument that the defendant's protestations of innocence would have prevented any plea agreement. *See id.* Petitioner in this case, however, does not advance similarly clear evidence of his willingness to accept a plea offer.

On September 25, 1989, Greenwald made a motion to dismiss the charge against his client or, in the alternative, to reinstate the original indictment. The basis for this motion was the prosecution's disclosure in August 1989 that it intended to introduce at trial two inculpatory statements made by petitioner on the day of his arrest. In his affirmation submitted with that motion, Greenwald stated that petitioner had rejected the plea offer in August 1988 based on his knowledge of the case at that time, and that if Greenwald had been aware of the statements, his advice to petitioner regarding the plea might have been different. *See* Affirmation of Gary Greenwald, dated September 25, 1989, at ¶¶ 7–8. Petitioner contends that these statements conclusively demonstrate that he was receptive to a plea offer. We disagree. At most, the statements reveal that *Greenwald* might have had a different understanding of his client's chances at trial had he known of the statements the prosecution intended to introduce. The statements to which petitioner refers do not demonstrate a reasonable probability that *petitioner* would have accepted a plea offer at any time before his conviction and sentencing.

■ Greenwald apparently also made an oral application to the trial court on September 20, 1989, to reinstate the original indictment "and thereby afford the Defendant an opportunity to be put back in the same posi-

tion he would have been in ... that is, in a position to plead guilty to Class B felony." *See* Greenwald Affirmation, ¶ 10. Petitioner contends that this statement also conclusively demonstrates that petitioner would have been receptive to a plea offer. To the contrary, we find that it is just as likely that Greenwald's application was simply a last-ditch effort to have his client tried on the less serious Class A–II charge. Under the circumstances, one would expect that if petitioner were in fact willing to plead guilty, Greenwald's affirmation would say so clearly. Moreover, by that point, the one-to-three year plea offer had been withdrawn, and there is no indication that the District Attorney would have reinstated the offer. Therefore, this statement also does not conclusively demonstrate a reasonable probability that petitioner would have accepted the plea offer. Accordingly, petitioner has failed to satisfy the prejudice component of the *Strickland* test and his claim of ineffective assistance of counsel must fail.

### B. Fourth Amendment Arguments

■ Petitioner also argues that the introduction at trial of the marked money seized by police officers who entered his place of business without a warrant violated his Fourth Amendment rights. This court's authority to review Fourth Amendment claims made in a petition for a writ of habeas corpus is sharply circumscribed: "[W]here the State has provided an opportunity for full and fair litigation of a Fourth Amendment claim, a state prisoner may not be granted federal habeas corpus relief on the ground that evidence obtained in an unconstitutional search or seizure was introduced at his trial." *Stone v. Powell*, 428 U.S. 465, 494, 96 S.Ct. 3037, 3052, 49 L.Ed.2d 1067 (1976); *Grey v. Hoke*, 933 F.2d 117, 121 (2d Cir.1991). Relief is unavailable even if the federal court might have decided the issue differently. *See Capellan v. Riley*, 975 F.2d 67, 71 (2d Cir.1992).

Petitioner does not argue that he was not afforded a full and fair opportunity to litigate his Fourth Amendment claim in the state court. Indeed, it is abundantly clear that petitioner's claim was fully considered by the state courts. The trial court held a lengthy

suppression hearing before ruling that the evidence in question was admissible. The Appellate Division, Second Department, found that the police had probable cause to enter the garage to arrest petitioner and that the marked money had therefore been seized incident to a lawful arrest. Petitioner also raised these Fourth Amendment issues in his application for leave to appeal to the Court of Appeals, which was denied. Petitioner's Fourth Amendment claims were therefore fully and fairly litigated in the state courts, and we have no authority to revisit the issue.

## C. Insufficiency of the Evidence

█ Last, petitioner contends that the evidence adduced against him at trial was insufficient to establish his guilt beyond a reasonable doubt. In order to grant habeas relief on this ground, the court must find, "after viewing the evidence in the light most favorable to the prosecution, [that no] rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *Jackson v. Virginia,* 443 U.S. 307, 319, 99 S.Ct. 2781, 2789, 61 L.Ed.2d 560 (1979); *Bossett v. Walker,* 41 F.3d 825, 830 (2d Cir.1994), *cert. denied,* —— U.S. ——, 115 S.Ct. 1436, 131 L.Ed.2d 316 (1995). Moreover, "[t]he fact that not all of the inferences drawn from circumstantial evidence were inevitable does not negate the sufficiency of the evidence to prove the defendant's guilt beyond a reasonable doubt." *Thomas v. Scully,* 854 F.Supp. 944, 955 (E.D.N.Y.1994) (citing *United States v. Brown,* 776 F.2d 397, 403 (2d Cir.1985), *cert. denied,* 475 U.S. 1141, 106 S.Ct. 1793, 90 L.Ed.2d 339 (1986)). The Second Circuit has stated that " 'the jury is exclusively responsible for determining a witness' credibility.' " *Bossett,* 41 F.3d at 830 (quoting *United States v. Strauss,* 999 F.2d 692, 696 (2d Cir.1993)).

The jury certainly had a reasonable basis for finding petitioner guilty of the crime for which he was convicted. Jeffrey Cannella, an informant whose cooperation with the police had previously resulted in successful operations, testified that he had arranged the sale with petitioner and purchased the drugs from him. His testimony was corroborated by his production of the cocaine shortly after the sale and by the discovery of the marked money in petitioner's pocket. Petitioner's counsel cross-examined Cannella extensively in an attempt to discredit his testimony. The jury therefore had an opportunity to consider Cannella's credibility carefully before finding petitioner guilty. We cannot say that the jury's decision was irrational. Therefore, petitioner's claim of insufficiency of the evidence fails.

## CONCLUSION

For the reasons set forth above, Boria's petition for a writ of habeas corpus is denied.

SO ORDERED.