

# IN THE COURT OF CRIMINAL APPEALS
# OF TEXAS

### NOs. AP–76,483 & AP–76,484

### EX PARTE ALVIN ROYCE WELLS, Applicant

### ON APPLICATION FOR A WRIT OF HABEAS CORPUS
### FROM HOOD COUNTY

**MEYERS, J., filed a concurring opinion in which KEASLER, HERVEY, and COCHRAN, JJ., joined.**

### CONCURRING OPINION

I concur with the decision of the majority. I write separately to mention that while

the remedy of specific performance works in this case, it may not work in all situations.

It is fine here because the State joined the Applicant's request for reinstatement of the

original 45-year plea offer. Similarly, in the case relied upon by the majority, *Ex Parte*

*Lemke*, 13 S.W.3d 791 (Tex. Crim. App. 2000), the State did not oppose the reinstatement

of the original offer or seek to show that it would have modified or withdrawn the offer.

However, because the State did not create the problem and there was no misconduct or

error by the prosecution, we may not be able to order the State to re-offer a plea bargain in all situations.

Specific performance may not be the proper remedy when the State does not join the request for reinstatement, or when there was a fair trial after the rejection of the plea offer. Although such issues were not raised in *Lemke*, we considered these possibilities, stating that, "The government may of course, in proper cases, seek to demonstrate that intervening circumstances have so changed the factual premises of its original offer that, with just cause, it would have modified or withdrawn its offer prior to its expiration date." 13 S.W.3d at 798. *Lemke* also cited *Turner v. Tennessee*, 858 F.2d 1201, 1208 (6th Cir. 1988), in which the petitioner had been convicted in a fair trial, but later claimed that he received ineffective assistance in deciding to reject the State's plea offer. The court in *Turner* said that specific performance of a plea agreement is a constitutionally permissible remedy and held that reinstatement of the original plea offer was required unless the prosecution could show nonvindictive reasons for withdrawing the offer.

Finally, I note that a case is currently pending before the United States Supreme Court in which the State opposes the reinstatement of the original plea offer after the defendant received a fair trial. In *Lafler v. Cooper*, No. 10-209 (argued October, 31, 2011), the State argues that requiring the State to re-offer the original plea infringes on prosecutorial discretion and creates practical issues, including the fact that circumstances have changed and additional information has become available to the prosecution and

court after a trial has taken place.  I look forward to the Supreme Court's discussion of the proper remedy in these situations.

Meyers, J.

Filed: November 9, 2011

Do Not Publish