**Robert JORDAN, Appellant,**

**v.**

**COMMONWEALTH of Kentucky, Appellee.**

Court of Appeals of Kentucky.

Oct. 17, 1969.

Robert Jordan, pro se.

John B. Breckinridge, Atty. Gen., George F. Rabe, Asst. Atty. Gen., Frankfort, for appellee.

EDWARD P. HILL, Jr., Chief Justice.

This is an appeal from an order overruling appellant's motion to set aside his judgment of conviction entered in January 1954, in a criminal proceeding in which appellant was charged with armed assault with intent to rob and given a life sentence.

Appellant contends that he was "defended by ineffective aid of court appointed

counsel, inasmuch as counsel was appointed at the instant of the trial proceeding and did not have time to prepare an adequate defense, and let it be known to this petitioner that he was not being compensated and would not go out of his way to prepare an elaborate defense and would not listen to the exact nature import (sic) of the alleged crime."

The appellant was given a full hearing on his motion to vacate the judgment under RCr 11.42. At the end of the hearing, and on March 17, 1969, the trial judge entered an order overruling the motion to vacate the judgment.

It should be kept in mind that a period of fifteen years has passed since the appellant was convicted.

The record on this appeal discloses that the appellant is the only witness who testified on his motion to vacate the judgment. The failure of both the appellant and the Commonwealth to produce either of the attorneys who represented the appellant on his trial goes unexplained in this record. But the trial orders refute the appellant's contention that his court-appointed counsel did not have time to prepare an adequate defense.

This court has heretofore expressed some sentiment in regard to attack on old judgments in Brown v. Commonwealth, Ky., 396 S.W.2d 773 (1965), wherein this court said:

"It may be safely stated that the dignity and majesty of public records increase with age, and the longer the period of time elapsing between their date and the time validity is questioned the greater the dignity, so that after the passage of a sufficient period of time such public records may become absolute and unassailable.

"In the face of such an ancient public record, yellow with age, for it has been nearly sixteen years since it was made, we hold that the bare allegation that ap-

pellant did not have counsel, without some substantial supporting circumstance, is utterly insufficient to entitle him to a hearing under RCr 11.42."

▮ Old public records should be given great weight, particularly after the death of or in event of unavailability of the principal actors.

The trial orders disclose that the indictment was rendered August 18, 1953; that on December 8, 1953, George Weaks was appointed to represent the appellant; that Mr. Weaks filed a motion for continuance on the ground that he was not ready for trial, which motion was sustained and the case continued to January 18, 1954; that on December 8, 1953, Mr. Weaks made an affidavit for commitment of the defendant to the Western State Hospital for examination, which motion was sustained; that in January 1954, Mr. Weaks along with another attorney, Robert O. Miller of Murray, Kentucky, obviously also appointed to assist Mr. Weaks, prepared an affidavit for the appellant to sign in support of his motion for change of venue, which the appellant declined to sign. The attorneys thereupon prepared their own affidavits and filed them. This motion for change of venue was overruled.

The appellant, on his hearing to vacate the judgment, admitted his refusal to sign the affidavit in support of motion for change of venue because he could neither read nor write.

The attorney for appellant also signed motion and grounds for a new trial and prayed an appeal to the Court of Appeals, which was granted. He was given until the fifth day of the May Term 1954 in which to file his bill of exceptions. No appeal was prosecuted.

▮ The burden of proof was upon the appellant to show that he was not adequately represented by appointed counsel. His testimony falls far short of the allegations

of the complaint, and the record utterly destroys his contention that he was not adequately represented by counsel.

The judgment is affirmed.

All concur.