Patrick E. OSBORNE, Appellant,

v.

COMMONWEALTH of Kentucky, Appellee.

No. 1997–CA–002140–MR.

Court of Appeals of Kentucky.

Nov. 13, 1998.

Rehearing Denied Jan. 8, 1999.

Elizabeth Shaw, Richmond, for Appellant.

A.B. Chandler, III, Attorney General, Matthew D. Nelson, Assistant Attorney General Frankfort, for Appellee.

Before BUCKINGHAM, KNOX, and MILLER, Judges.

## OPINION

KNOX, Judge:

Patrick Osborne (Osborne) appeals from an order of the McCracken Circuit Court denying his RCr 11.42 motion to: (1) vacate his conviction; and/or, (2) hold an evidentiary hearing on the merits of his allegation claiming ineffective assistance of counsel. We reverse and remand for an evidentiary hearing.

In January 1995, Osborne was indicted on one count of driving under the influence (DUI), fourth offense, and one count of driving with a revoked license. On February 17, 1995, the court appointed trial counsel for Osborne. In April 1995, appellant, through counsel, filed a motion to suppress a prior 1992 DUI conviction in an effort to prevent it from being used to enhance his current DUI offense. The trial court denied that motion on May 4, 1995.

On June 26, 1995, prior to a scheduled pretrial conference, the Commonwealth filed a bill of particulars which included a plea bargain offer of five (5) years on the DUI charge and twelve (12) months on the revoked license charge, in exchange for Osborne's plea of guilty to these offenses. Furthermore, a superseding indictment was returned against Osborne containing the two original counts and a third count of being a first-degree persistent felony offender (PFO I). Although Osborne contends he communicated with counsel his desire to accept this offer, no such acceptance was forthcoming.

The pretrial hearing was held on June 30, 1995, at which time the Commonwealth proposed to dismiss the PFO I charge in exchange for Osborne proceeding to trial by July 5, 1995. Again, Osborne posits that, while he was amenable to this arrangement, trial counsel refused, insisting the matter would be remanded to district court upon the granting of the motion to suppress Osborne's prior DUI conviction.[1] Consequently, the matter was continued for trial in late October, with the date ultimately set for November 8, 1995.

On November 1, 1995, one week prior to trial, the Commonwealth approached Osborne with an offer of seven (7) years for a plea of guilty. Once again, Osborne contends he wanted to accept this offer but his attorney would not permit him to do so. A jury trial was held on November 8, 1995, resulting in Osborne's conviction of DUI, fourth offense, and PFO I. On December 12, 1995, the trial court sentenced Osborne to five (5) years on the DUI conviction, and enhanced that term to twenty (20) years due to his PFO I status.

On direct appeal, the Kentucky Supreme Court affirmed Osborne's conviction and sentence in an unpublished opinion. In May 1997, Osborne, pro se, filed an RCr 11.42 motion to vacate his sentence alleging, *inter alia*, his attorney rendered ineffective assistance through failure to: (1) comply with his desire to accept the Commonwealth's initial plea offer of June 1995, and subsequent offer of November 1995; (2) accept the Commonwealth's offer to dismiss the PFO I charge in exchange for trial by July 5, 1995; and, (3) advise him of the benefits accompanying the Common-

---

1. We are mindful that the motion to suppress had been denied by the trial court on May 4, 1995 and make no attempt to offer either insight or explanation for the reason Osborne's trial counsel did or did not assume this posture.

wealth's plea offers and dangers posed by a jury trial. Current counsel was appointed to assist Osborne and proceeded to file a motion for a full evidentiary hearing. On August 15, 1997, the court denied both the RCr 11.42 motion and the motion for an evidentiary hearing. This appeal ensued.

Osborne argues his court-appointed trial attorney rendered ineffective assistance in failing to: (1) present a defense compelling dismissal of the PFO I charge; (2) properly represent him during the various plea negotiations; and, (3) follow his instructions to negotiate a plea agreement. In response, the Commonwealth asserts Osborne waived his claim by failing to bring the issue before the lower court prior to trial, or on direct appeal.

█ We disagree with the Commonwealth's position for two (2) fundamental reasons. First, in that the Commonwealth failed to raise the issue of waiver before the trial court, this Court is without authority to review that issue since the question was never properly before the lower court. *Regional Jail Auth. v. Tackett,* Ky., 770 S.W.2d 225, 228 (1989). Secondly, had the issue of waiver been properly preserved, it is without merit:

> [A]s it is unethical for counsel to assert his or her own ineffectiveness for a variety of reasons, ... and due to the brief time allowed for making post trial motions, claims of ineffective assistance of counsel are best suited to collateral proceedings, after the direct appeal is over....

*Humphrey v. Commonwealth,* Ky., 962 S.W.2d 870, 872 (1998). As such, RCr 11.42 is both an available and appropriate avenue for Osborne to assert his ineffective assistance of counsel claim.

█ Regardless of the fact Osborne may have received a fair trial, it is possible he may have suffered prejudice by virtue of counsel having rendered ineffective assistance during the pretrial proceedings, i.e. failure to act upon his desire to enter

into a plea bargain arrangement with the Commonwealth. *See United States v. Day,* 969 F.2d 39, 46 (3rd Cir.1992). Although not controlling in Kentucky, we are compelled by the rationale of *Day* in that "the Sixth Amendment right to effective assistance of counsel guarantees more than the Fifth Amendment right to a fair trial." *Id.* at 45.

█ "The burden of proof [is] upon the appellant to show that he was not adequately represented by appointed counsel." *Jordan v. Commonwealth,* Ky., 445 S.W.2d 878, 879 (1969). In order to establish counsel's assistance was so prejudicially ineffective as to require reversal, the appellant needs to satisfy a two-part test: (1) "'that counsel's representation fell below an objective standard of reasonableness ... [and, (2)] there is a reasonable probability that, but for counsel's unprofessional errors, the results of the proceeding would have been different.'" *Hill v. Lockhart,* 474 U.S. 52, 57, 106 S.Ct. 366, 88 L.Ed.2d 203 (1985) (quoting *Strickland v. Washington,* 466 U.S. 668, 687–88, 694, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984)). *Accord Gall v. Commonwealth,* Ky., 702 S.W.2d 37 (1985), *cert. denied,* 478 U.S. 1010, 106 S.Ct. 3311, 92 L.Ed.2d 724 (1986).

█ The first prong of this test is merely a reiteration of the standard of attorney competence as previously pronounced by the United States Supreme Court. *Hill,* 474 U.S. at 58–59, 106 S.Ct. 366. The second prong, however, is gleaned as a "prejudice" requirement, focusing "on whether counsel's constitutionally ineffective performance affected the outcome of the plea process." *Id.* at 59, 106 S.Ct. 366. We are mindful that the aforementioned test is generally applicable under circumstances where a defendant asserts he or she was wrongfully induced by counsel to enter into a guilty plea. The matter now before us is quite the converse situation, in that Osborne's claim arises upon the allegation that counsel denied him the ability to enter into a guilty plea, thus causing

him to be prejudiced through the imposition of a longer term of incarceration.

Nonetheless, we believe the test as adopted in *Hill* to be equally applicable in both scenarios. The same inquiry as to whether a defendant would or would not have insisted on going to trial is relevant in the context of one who had entered into a plea arrangement as well as one who had declined the offer. The bottom line remains what risks were attendant to trial versus the benefits to be gained vis á vis a plea bargain, and counsel's conduct with respect to communicating these factors to the defendant.

■ In ascertaining whether Osborne is entitled to an evidentiary hearing, "[o]ur review is confined to whether the motion on its face states grounds that are not conclusively refuted by the record and which, if true, would invalidate the conviction." *Lewis v. Commonwealth*, Ky., 411 S.W.2d 321, 322 (1967) (citations omitted). Under the facts of this case, we are constrained to focus our review of the record on the events and proceeding prior to Osborne's trial, for his claims collectively center on trial counsel's deficient representation throughout plea bargain negotiations with the Commonwealth.

■ It has remained the policy of this Commonwealth that where a plea of guilty may result in a lighter sentence than might, otherwise, be imposed should the defendant proceed to trial, influencing a defendant to accept this alternative is proper. *Commonwealth v. Campbell*, Ky., 415 S.W.2d 614, 616 (1967) (citations omitted). *See also Wiley v. Commonwealth*, Ky.App., 575 S.W.2d 166, 168 (1978) ("Neither plea bargaining nor sentence negotiation should be discouraged as long as they are conducted in such manner that the rights and interests of all concerned are properly protected and carefully scrutinized by the trial court."). Although we do not present an exhaustive review, the record reflects evidence that Osborne communicated to appointed trial counsel his willingness to accept the plea offers from the Commonwealth. On September 26, 1995, Lisa DeRenard, another public defender representing Osborne in a simultaneous but unrelated Graves County action, wrote to the Commonwealth attorney in Mayfield, Kentucky. This letter stated, in pertinent part:

> I recently spoke with Patrick Osborne concerning his case in Graves County and his felony case in McCracken County (DUI 4th offense). Hon. Nancy Barnes represents Mr. Osborne in the McCracken County felony case. Apparently, Mr. Osborne is under the impression that his DUI case in McCracken County will be disposed of the first week of October, at any rate he is facing 1 to 5 in the penitentiary for DUI 4th offense.

> . . . .

> [I] hope there is some way that we can work out an arrangement of a plea bargain where Mr. Osborne's time will run concurrent with McCracken County, especially if he receives a maximum prison sentence on DUI 4th offense.

As Osborne's McCracken County trial-counsel had initially scheduled trial for late October during a pretrial hearing, this letter constitutes some evidence that Osborne may have been under the impression that the matter would be settled in accordance with the Commonwealth's initial plea offer of five (5) years plus twelve (12) months.

Similarly, there are Osborne's own written statements lending support to his position. In a letter of July 6, 1995, Osborne addressed his trial counsel regarding the subsequent plea bargain attendant to the superseding indictment which included the PFO I count. The correspondence stated, *inter alia:*

> As you know that when the Commonwealth said they was [sic] willing to drop the *PFO first* if we were willing to go to trail [sic] the 5th of July I was ready to let the jury bring back the time on a class D felony.

You told me that I didn't want to do that cause you could get it back down stars[2] [sic] as a mismenor [sic]. . . .

I've been willing to plea this DUI 4th since jump street. Even in District Court I tried to cop out for 11:29 on number 3. Now I get indicted for number 4 in Feb [sic] and 4 months later P.F.O. 1. . . .

Although self-serving, the letter indicates evidence that Osborne wished to plead guilty from the initiation of the action. At no time did Osborne assert his innocence or produce any defense to the charges. Further, the record is devoid of any exculpatory information upon which Osborne would, potentially, base his defense.

Moreover, the record reflects that trial counsel's motion to suppress Osborne's prior DUI offense had been denied nearly two (2) months before the pretrial hearing and the Commonwealth's first plea offer of five (5) years and twelve (12) months. In light of the fact that KRS 189A.010(4)(d) qualifies fourth offense DUI as a class D felony, hence, imposing a sentence of one (1) to five (5) years upon conviction, and when accompanied by a PFO I charge, KRS 532.080(6)(b) permits enhancement to no less than ten (10) years, it remains questionable why a plea agreement, such as those offered by the Commonwealth, would be rejected. As such, unless trial counsel can proffer a plausible reason for advising Osborne to reject same, it would appear the record does not refute Osborne's claim and there is adequate objective evidence supporting an allegation of ineffective assistance of counsel.

Hence, we remand this matter for an evidentiary hearing to determine whether Osborne can successfully demonstrate: (1) trial counsel's representation was less than objectively reasonable; and, (2) he suffered prejudice as a result of the defective representation in that the maximum sentence he could possibly receive under any of the plea offers was significantly less than that imposed through trial. In other words, is it reasonably probable that, but for counsel's erroneous representation, Osborne would have pled guilty? Following the evidentiary hearing, should the trial court determine Osborne has made a valid RCr 11.42 claim, then the next step will be to fashion an appropriate remedy.

■ Remedies for ineffective assistance of counsel " 'should be tailored to the injury suffered from the constitutional violation and should not unnecessarily infringe on competing interests.' " *Turner v. Tennessee*, 858 F.2d 1201, 1207 (6th Cir.1988), *cert. denied*, 502 U.S. 1050, 112 S.Ct. 915, 116 L.Ed.2d 815 (1992) (quoting *United States v. Morrison*, 449 U.S. 361, 364, 101 S.Ct. 665, 66 L.Ed.2d 564 (1981)). As in *Turner*, Osborne does not complain of inadequate representation at trial, rather ineffective assistance with respect to being denied the opportunity to seize upon the Commonwealth's plea offers. "Consequently, '[o]ne more fair trial, or even a series of them, would not necessarily revive the lost chance.' " *Turner*, 858 F.2d at 1208. Alteration in original (quoting *State v. Kraus*, 397 N.W.2d 671, 674 (Iowa 1986)). "Indeed, the only way to neutralize the constitutional deprivation suffered by [a defendant] would seem to be to provide [the defendant] with an opportunity to consider the [Commonwealth's initial] plea offer with the effective assistance of counsel." *Turner*, 858 F.2d at 1208.

The United States Supreme Court has expressed that specific performance of a plea agreement is an allowable remedy where one has been denied constitutionally-guaranteed effective assistance of counsel. *Id.* (Citations omitted). On the other hand, specific performance is not warranted where it might unnecessarily infringe on the state's competing interests. *Id.* at 1208–09. In some circumstances, the state may withdraw its original plea proposal, yet, in order to effectively do so the state

---

2. Presumably Osborne is referencing the McCracken County District Court which at the time of this letter was held on the first floor of the McCracken County courthouse.

**866**

must show the "withdrawal is free of a reasonable apprehension of vindictiveness." *Id.* at 1208. (Citation omitted).

It has been clearly established that when a criminal defendant successfully achieves relief, either through a direct or collateral attack to the conviction, he "may not be subjected to greater punishment for exercising that right." *Id.* at 1208. (Citing *Blackledge v. Perry,* 417 U.S. 21, 94 S.Ct. 2098, 40 L.Ed.2d 628 (1974)). The rebuttable presumption of vindictiveness is valid where there is a "realistic likelihood" of prosecutorial retaliation. In ascertaining the existence of a realistic likelihood, the "courts should focus on 'the nature of the right asserted' and 'the timing of the prosecutor's action.'" *Turner,* 858 F.2d at 1208. (Quoting *United States v. Goodwin,* 457 U.S. 368, 381–82, 102 S.Ct. 2485, 73 L.Ed.2d 74 (1982)).

The Supreme Court announced that the presumption was appropriate where the right asserted would require "duplicative expenditures of prosecutorial resources," and would require the State "to do over what it thought it had already done correctly." The Court pronounced the presumption especially warranted where the prosecutor moreover had a "personal stake" or there was "institutional bias against the retrial of a decided question." As for the timing of the prosecutor's action, the Supreme Court announced that "a change in the charging decision made after an initial trial is completed is much more likely to be improperly motivated than is a pretrial decision."

*Turner,* 858 F.2d at 1208. (Citations omitted).

Therefore, following the evidentiary hearing, should the trial court determine that Osborne suffered prejudice through ineffective assistance of counsel, the means by which to repair the constitutional deprivation is to restore him to the position in which he would have been had the denial not occurred, namely, serving a

sentence harmonious to that offered by the Commonwealth. *Lewandowski v. Makel,* 949 F.2d 884, 889 (6th Cir.1991). The Commonwealth may withdraw its prior offer only if it can rebut the presumption that the withdrawal is the product of prosecutorial vindictiveness.

For the foregoing reasons, the order of the McCracken Circuit Court denying appellant's RCr 11.42 motion and motion for an evidentiary hearing is reversed and remanded for proceedings consistent with this opinion.

ALL CONCUR.