RENDERED: OCTOBER 2, 2020; 10:00 A.M.
NOT TO BE PUBLISHED

# Commonwealth of Kentucky

# Court of Appeals

NO. 2019-CA-0058-MR

DEVONTE' WEBB                                     APPELLANT

|   |   |
|---|---|
| v. | APPEAL FROM FAYETTE CIRCUIT COURT<br>HONORABLE PAMELA R. GOODWINE, JUDGE<br>ACTION NO. 14-CR-00354-002 |

COMMONWEALTH OF KENTUCKY                         APPELLEE

OPINION
AFFIRMING

** ** ** ** **

BEFORE: CLAYTON, CHIEF JUDGE; ACREE AND LAMBERT, JUDGES.

ACREE, JUDGE: DeVonte' Webb appeals the Fayette Circuit Court's August 21, 2018 order denying his RCr[1] 11.42 motion for postconviction relief. After careful review, we affirm.

---

[1] Kentucky Rules of Criminal Procedure.

## BACKGROUND

In October 2012, Webb, along with two others, robbed six University of Kentucky students at gunpoint. Webb was indicted on five counts of robbery in the first degree. He was subsequently charged with being a second-degree persistent felony offender.

At a pre-trial conference held on April 24, 2014, the Commonwealth offered Webb a sentence of ten years in exchange for a guilty plea. Webb contends his counsel, in advising him whether to accept the plea offer, stated the Commonwealth's case was "weak," and he believed they could win at trial. According to Webb, he rejected the offer based on his counsel's assurances.

Webb was tried by a jury and convicted on all counts. He was sentenced to twenty-seven years in prison. The Kentucky Supreme Court affirmed his conviction. *Webb v. Commonwealth*, No. 2015-SC-000198-MR, 2017 WL 5504420, at *12 (Ky. Mar. 23, 2017). Thereafter, he filed a *pro se* motion for postconviction relief, alleging ineffective assistance of trial counsel. The circuit court denied relief without conducting an evidentiary hearing. This appeal followed.

## STANDARD OF REVIEW

Every defendant is entitled to reasonably effective, but not necessarily errorless, counsel. *Fegley v. Commonwealth*, 337 S.W.3d 657, 659 (Ky. App.

2011). In evaluating a claim of ineffective assistance of counsel, we apply the familiar "deficient-performance plus prejudice" standard first articulated in *Strickland v. Washington*, 466 U.S. 668, 689, 104 S. Ct. 2052, 2065, 80 L. Ed. 2d 674 (1984). This standard applies equally when defendants allege they declined a plea offer in favor of going to trial, based on counsel's ineffectiveness. *See Osborne v. Commonwealth*, 992 S.W.2d 860, 864 (Ky. App. 1998).

Under *Strickland*, the movant must first prove his counsel's performance was deficient by demonstrating counsel's representation "fell below an objective standard of reasonableness" such that "counsel was not functioning as the 'counsel' guaranteed by the Sixth Amendment[.]" *Commonwealth v. Tamme*, 83 S.W.3d 465, 469 (Ky. 2002). In this context, we inquire whether counsel sufficiently communicated to his client what "risks were attendant to trial versus the benefits to be gained vis á vis a plea bargain[.]" *Osborne*, 992 S.W.2d at 864.

Second, the movant must prove counsel's "deficient performance prejudiced the defense." *Strickland*, 466 U.S. at 687, 104 S. Ct. at 2064. In this context, the movant must show:

> that but for the ineffective advice of counsel there is a reasonable probability that the plea offer would have been presented to the court (*i.e.*, that the defendant would have accepted the plea and the prosecution would not have withdrawn it in light of intervening circumstances), that the court would have accepted its terms, and that the conviction or sentence, or both, under the offer's terms

would have been less severe than under the judgment and sentence that in fact were imposed.

*Lafler v. Cooper*, 566 U.S. 156, 164, 132 S. Ct. 1376, 1385, 182 L. Ed. 2d 398 (2012).

## ANALYSIS

When Webb brought his motion before the circuit court, he argued four different grounds for relief pursuant to RCr 11.42. In this appeal, he abandons all but one of those grounds. To better understand why the circuit court ruled as it did, we shall set forth Webb's argument as presented there.

The pertinent paragraph of his motion to the circuit court states, in its entirety, as follows:

> 5. At Movant's first pretrial hearing, Assistant Commonwealth's Attorney, Alexander Garcia, offered him a plea deal on all indicted offenses for a total of ten (10) years to serve with a parole eligibility of 85%. Movant's counsels were ineffective for advising him to reject the Commonwealth's plea offer, stating "that they (Commonwealth) did not really have anything against him and their case was weak, and they could not win at trial."[2] In fact, the evidence against Movant was significant, if not impervious. The jury found Movant guilty of the five (5) first-degree robbery counts and he was sentenced to fifteen-year sentences each to run concurrently, enhanced to twenty-seven (27) years by a second-degree persistent felony offender (PFO) conviction, which also requires

---

[2] Obviously, this cannot be a direct quote because it is in the past tense and refers to Webb in the third person.

85% service of sentence to be eligible for parole pursuant to KRS[3] 439.3401.

(Motion to Vacate, Set Aside or Correct Sentence, Record (R.) at 213B.)

In addition to the motion for postconviction relief, Webb filed a twenty-three-page supporting memorandum of law. The section addressing this specific issue on appeal comprises slightly more than two pages of the memorandum. The first paragraph of that section is a verbatim repetition of paragraph 5 of his motion, quoted above. We quote the remaining portions of that memorandum to the extent they are pertinent, as follows:

> ### *C. Movant was denied the right to effective assistance of counsel in whether to accept a favorably offered plea bargain.*
>
> [The next paragraphs after the repetition of paragraph 5 from the motion set out general legal principles related to ineffective assistance of counsel and specific jurisprudence regarding assistance of counsel during plea negotiations.]
>
> Movant's attorney was ineffective by providing him with erroneous legal advice to not accept the Commonwealth's favorable offer, when counsel had not provided Movant with a viable defense to the evidence against him. Movant was prejudiced because he "lost out on the opportunity to plead guilty and receive the lower sentence that [was] offered to him." *Lafler v. Cooper*, 132 S.Ct. 1376, 1384, 182 L.Ed.2d 398 (2012). The Commonwealth offered to settle this case for a sentence far less than 27 years, 10 years in fact, but Movant's lawyer advised him not to accept the offer based on erroneous legal advice "that they

---

[3] Kentucky Revised Statutes.

(Commonwealth) did not really have anything against him and their case was weak, and they could win at trial." Under *Lafler* and *Strickland* this Court must vacate Movant's conviction and order the Commonwealth to reinstate the previous offer.

(R. at 231N to 231P.)

We agree with Webb that "a defendant has the right to effective assistance of counsel in considering whether to accept [a plea offer]." *Lafler*, 566 U.S. at 168, 132 S. Ct. at 1387. Webb asserts his counsel's only advice was "the Commonwealth's case was weak, and he believed they could win at trial." He contends this falls well below *Strickland*'s deficiency standard. We disagree.

It is essential to note that nowhere in the motion or memorandum does Webb allege his counsel failed to apprise him of: (1) the elements of first-degree robbery; (2) the Commonwealth's evidence and how it could be used to prove first-degree robbery; (3) the minimum and maximum sentences based on the potential outcomes of trial; and (4) the strengths and weaknesses of his case. Allusion to such allegations appears for the first time in his brief to this Court.

"[A]n allegation of ineffective assistance of counsel does not state grounds for relief unless the petition alleges sufficient facts to show that the representation of counsel was inadequate." *Thomas v. Commonwealth*, 459 S.W.2d 72, 72 (Ky. 1970). Before the circuit court, Webb alleged no deficiency of counsel's performance other than counsel's urging him to reject the offer without

-6-

telling Webb what the defense would be. Surely, Webb knew his defense was that he did not commit the crime.

Webb's motion in the circuit court for postconviction relief was based solely on a relatively general allegation that counsel gave him bad advice. He did not base the charge of ineffective assistance on even his own assertion of contemporaneous facts that counsel failed him in some specific way. Rather, Webb's best evidence is that the jury's verdict proved the advice to be bad. That is never sufficient cause to require an evidentiary hearing on an RCr 11.42 motion, much less to grant the motion.

## **CONCLUSION**

Based on the foregoing, we affirm the Fayette Circuit Court's August 21, 2018 order denying Webb's RCr 11.42 motion for postconviction relief.

ALL CONCUR.

BRIEFS FOR APPELLANT:

Andrea Reed
Frankfort, Kentucky

BRIEF FOR APPELLEE:

Daniel Cameron
Attorney General of Kentucky

Leilani K.M. Martin
Assistant Attorney General
Frankfort, Kentucky