RENDERED: SEPTEMBER 17, 2021; 10:00 A.M.
NOT TO BE PUBLISHED

# Commonwealth of Kentucky

# Court of Appeals

NO. 2019-CA-0937-MR

CHRISTOPHER ESPER                          APPELLANT

APPEAL FROM KENTON CIRCUIT COURT
v.         HONORABLE GREGORY M. BARTLETT, JUDGE
ACTION NO. 14-CR-01022

COMMONWEALTH OF KENTUCKY               APPELLEE

OPINION
AFFIRMING

** ** ** ** **

BEFORE: CLAYTON, CHIEF JUDGE; ACREE AND LAMBERT, JUDGES.

ACREE, JUDGE: Christopher Esper appeals the Kenton Circuit Court's April 9, 2019 order denying him RCr[1] 11.42 relief. Finding no error, we affirm.

---

[1] Kentucky Rules of Criminal Procedure.

## BACKGROUND

On September 28, 2014, Esper's six-year-old niece presented at the doctor with symptoms of vaginal discharge and burning during urination. Testing proved positive for gonorrhea, prompting police to investigate for a possible sexual assault. Because the case involved a juvenile, the Cabinet for Health and Family Services ordered all men in the niece's household to be tested for gonorrhea. Only Esper tested positive.

The police asked Esper to come in for an interview. At that time, the police read Esper his *Miranda*[2] rights, and Esper signed a waiver indicating he understood his rights and was voluntarily talking with the police. During the interview, he initially denied having sexual contact with his niece, but eventually confessed to sexual contact and wrote a letter to his niece apologizing for his actions. On December 4, 2014, a Kenton County grand jury indicted Esper for incest and rape in the first degree.[3]

At a pretrial conference on the day before trial was to begin, the court stated it was informed that Esper wished to plead guilty. But Esper suddenly changed his mind leading to counsel's motion for a one-week continuance. The motion was denied. Lead defense counsel then stated she could not ethically or

---

[2] *Miranda v. Arizona*, 384 U.S. 436, 86 S. Ct. 1602, 16 L. Ed. 2d 694 (1966).

[3] Ultimately, the circuit court dismissed the incest charge.

physically participate in the trial and was withdrawing "as of now." She left the courtroom. Esper's second chair counsel remained and also expressed lack of preparation concerns but participated in *voir dire*, anyway. The lead defense counsel returned to the courtroom before opening statements and participated in the remainder of the trial.

Ultimately, the jury found Esper guilty and the circuit court sentenced him to 25 years' imprisonment. Esper appealed his conviction to the Supreme Court, but his conviction stood. *See Esper v. Commonwealth*, No. 2016-SC-000366-MR, 2018 WL 898215 (Ky. Feb. 15, 2018) (*Esper I*).

Back in the circuit court, Esper filed an RCr 11.42 motion arguing three errors:

> (1) ineffective assistance of appellate counsel (IAAC) because the Supreme Court was not convinced by counsel's argument that Esper's confession was obtained through unconstitutional means;
>
> (2) his trial counsel was ineffective for failing to investigate his case and properly prepare; and
>
> (3) his trial counsel was ineffective for failing to request a *Daubert*[4] hearing or to challenge the medical evidence concerning the medicine (Keflux) used to treat the victim for gonorrhea.

---

[4] *Daubert v. Merrell Dow Pharmaceuticals, Inc.*, 509 U.S. 579, 113 S. Ct. 2786, 125 L. Ed. 2d 469 (1993).

The circuit court denied his motion.  This appeal followed.[5]

## STANDARD OF REVIEW UNDER *Strickland*

Every defendant is entitled to reasonably effective, but not necessarily errorless, counsel.  *Fegley v. Commonwealth*, 337 S.W.3d 657, 659 (Ky. App. 2011).  In evaluating a claim of ineffective assistance of counsel, we apply the familiar "deficient-performance plus prejudice" standard first articulated in *Strickland v. Washington*, 466 U.S. 668, 689, 104 S. Ct. 2052, 2065, 80 L. Ed. 2d 674 (1984).  This standard applies equally when defendants allege they declined a plea offer in favor of going to trial, based on counsel's ineffectiveness.  *See Osborne v. Commonwealth*, 992 S.W.2d 860, 864 (Ky. App. 1998).

Under *Strickland*, the movant must first prove his counsel's performance was deficient by demonstrating counsel's representation "fell below an objective standard of reasonableness" such that "counsel was not functioning as the 'counsel' guaranteed by the Sixth Amendment[.]" *Commonwealth v. Tamme*, 83 S.W.3d 465, 469 (Ky. 2002).  In this context, we inquire whether counsel sufficiently communicated to his client what "risks were attendant to trial versus the benefits to be gained vis á vis a plea bargain[.]"  *Osborne*, 992 S.W.2d at 864.

---

[5] On July 23, 2019, Esper filed a motion for belated appeal.  According to his motion, he did not receive notice of the order denying his RCr 11.42 motion due to an oversight in the clerk's office.  This Court issued an order requesting the circuit court hold a hearing on this matter.  The circuit court complied and found Esper did not receive notice of the order; therefore, we granted his request for a belated appeal on February 14, 2020.

Second, the movant must prove counsel's "deficient performance" prejudiced the defense." *Strickland*, 466 U.S. at 687, 104 S. Ct. at 2064. In this context, the movant must show:

> that but for the ineffective advice of counsel there is a reasonable probability that the plea offer would have been presented to the court (*i.e.*, that the defendant would have accepted the plea and the prosecution would not have withdrawn it in light of intervening circumstances), that the court would have accepted its terms, and that the conviction or sentence, or both, under the offer's terms would have been less severe than under the judgment and sentence that in fact were imposed.

*Lafler v. Cooper*, 566 U.S. 156, 164, 132 S. Ct. 1376, 1385, 182 L. Ed. 2d 398 (2012).

## ANALYSIS

In his own words, Esper argues that "the circuit court abused its discretion and violated Mr. Esper's rights": (1) "in failing to hold an evidentiary hearing"; (2) "in denying counsel on his motion to vacate, set aside, or correct sentence"; and (3) "in failing to issue finding [sic] of facts and conclusions of law on his motion to vacate, set aside, or correct sentence." (Appellant's brief, at 6, 13, 18.) However, the substance of Esper's brief does not follow this outline and he presents many sub-arguments, some rationally related to the section in which they appear, and some not.

However, nowhere in his brief does Esper direct this Court where in the record we can find proof he preserved any of the errors he claims. This failure violates CR[6] 76.12(4)(c)(v) and justifies treating the claimed errors as unpreserved and subject only to review for manifest injustice; *i.e.*, review to see if the circuit court committed "[a] palpable error which affects [Esper's] substantial rights" and justifies "appropriate relief[,]" but only "upon a determination that manifest injustice has resulted from the error." RCr 10.26. We therefore apply the standard under *Strickland* in the context of our manifest injustice review.

We find no merit in Esper's first argument that he was entitled to an evidentiary hearing. It is only when the Commonwealth's answer to an RCr 11.42 motion "raises a material issue of fact that cannot be determined on the face of the record [that] the court shall grant a prompt hearing[.]" RCr 11.42(5). The Commonwealth's answer did not create a factual issue, basing its legal argument for denying Esper's motion on facts discernible from the record only. Esper's first argument fails.

Because a hearing was not required to adjudicate facts, the circuit court was not required to "make findings determinative of the material issues of fact[.]" RCr 11.42(6). That rule means Esper's third argument fails to the extent he claims findings of fact were required.

---

[6] Kentucky Rules of Civil Procedure.

That leaves only the overarching question whether the circuit court erred as a matter of law when it denied RCr 11.42 relief based on Esper's specific arguments to that court–ineffective assistance of appellate counsel; defense counsel's failure to investigate and prepare; and defense counsel's failure to seek a *Daubert* hearing to challenge medical proof.

Esper's IAAC claim fails because it does not satisfy the criteria for such claims established in *Hollon v. Commonwealth*, 334 S.W.3d 431 (Ky. 2010). "In *Hollon*, [the Kentucky Supreme Court] recognized that IAAC claims premised upon appellate counsel's alleged *failure to raise a particular issue on direct appeal* were cognizable in Kentucky." *Commonwealth v. Pollini*, 437 S.W.3d 144, 147 (Ky. 2014) (emphasis added). But Esper's appellate counsel did not fail in this regard. The "particular issue" Esper identifies is "his claim that his confession was obtained through unconstitutional means." (Record (R.) at 373.) As the circuit court indicated, "his appellate counsel briefed the issue to the Supreme Court which gave careful consideration to the argument before denying the claim." (*Id.*) As a matter of law, a claim that counsel should have been more persuasive in his or her appellate advocacy will not support an IAAC claim.

His second argument before the circuit court is that his trial counsel failed to adequately prepare for trial. The circuit court, having observed Esper's counsel's performance at trial concluded "trial counsel was prepared" and that

-7-

conclusion was consistent with the Supreme Court's opinion that addressed the adequacy of defense counsel's preparation in the context of a challenge on direct appeal that the circuit court should have granted a continuance. (*Id.* at 373-74.) The Supreme Court said: "Despite claims of exhaustion and unpreparedness on the part of Esper's counsel, the record shows that defense counsel actively participated throughout the trial. . . . Moreover, Esper has shown no identifiable prejudice resulting from the denial of his request for a continuance." *Esper I*, at *4.

This Court also finds no identifiable prejudice resulting from Esper's counsel's preparation for or presentation of his defense at trial. If the circuit court erred in its conclusion that Esper's claim that his counsel was unprepared, that error resulted in no identifiable prejudice and, therefore, did not result in a manifest injustice.

Esper's last argument before the circuit court relates to his counsel's allegedly ineffective challenge of expert testimony. Specifically, Esper says his "counsel was ineffective in failing to request a *Daubert* hearing concerning [1] the tests administered to determine if [his victim] had Gonorrhea and [2] whether Keflex could have treated it." (Appellant's brief, at 9.)

Whether both Esper and his victim had gonorrhea was relevant to the case. Gonorrhea is neither a new disease nor a rare one and has been diagnosed

and treated for hundreds of years. Nevertheless, its diagnosis in a particular case may still be challenged. And Esper's counsel did challenge it. On April 21, 2019, Esper's counsel filed a "Motion for *Daubert* Hearing" and specifically sought to exclude "any testimony that the urine analyses for both Mr. Esper and for . . . the alleged victim, were positive for *Neisseria Gonorrhoeae*." (R. at 187.) The motion directs attention to that part of the lab records for the victim themselves that state "'[t]he performance of this test has not been verified in minor aged patients.'" (R. at 189.) In other words, Esper's counsel did exactly what he now complains she failed to do. As the circuit court pointed out, "Trial counsel had filed several Motions in Limine seeking to preclude" the Commonwealth's expert from testifying regarding how he diagnosed gonorrhea in this case. (R. at 374.) Certainly, we cannot say that defense counsel's handling of the expert testimony in this case "fell below an objective standard of reasonableness" such that "counsel was not functioning as the 'counsel' guaranteed by the Sixth Amendment[.]" *Tamme*, 83 S.W.3d at 469.

Finally, whether Keflex is an effective treatment for gonorrhea is not a fact in issue in this case. Esper disagrees, arguing that if his victim eventually tested negative for gonorrhea (which she did), and if the drug (Keflex) used to treat her does not cure gonorrhea, then the inference must be drawn that his victim's initial test for gonorrhea yielded a false positive. Although clever, the argument is

unpersuasive. Even if we found a modicum of merit in the argument, we would still affirm the circuit court because the overwhelming evidence, including Esper's own confession, demonstrates that any failure of counsel here could not have resulted in prejudice to his case.

## **CONCLUSION**

For the foregoing reasons, we affirm the Kenton Circuit Court's April 9, 2019 order denying Esper RCr 11.42 relief.


ALL CONCUR.


BRIEFS FOR APPELLANT:

Christopher Esper, *pro se*
La Grange, Kentucky

BRIEF FOR APPELLEE:

Daniel Cameron
Attorney General of Kentucky

Todd D. Ferguson
Assistant Attorney General
Frankfort, Kentucky