RENDERED: FEBRUARY 24, 2023; 10:00 A.M.
NOT TO BE PUBLISHED

# Commonwealth of Kentucky

# Court of Appeals

NO. 2022-CA-0215-MR

DONALD E. HOWARD                                             APPELLANT

APPEAL FROM CARROLL CIRCUIT COURT
v.        HONORABLE REBECCA LESLIE KNIGHT, JUDGE
ACTION NO. 15-CR-00005

COMMONWEALTH OF KENTUCKY                                     APPELLEE

OPINION
AFFIRMING

** ** ** ** **

BEFORE: CETRULO, DIXON, AND EASTON, JUDGES.

CETRULO, JUDGE: Appellant Donald Howard ("Howard") appeals from the

order of the Carroll Circuit Court denying his Kentucky Rule of Criminal

Procedure ("RCr") 11.42 motion to vacate his sentence. We AFFIRM.

## FACTUAL AND PROCEDURAL HISTORY

In May 2015, Howard entered a guilty plea to first-degree trafficking in a controlled substance, second offense, with no negotiated recommended sentence. The trial court sentenced him to 20 years of incarceration – the maximum allowed. On direct appeal the next year, Howard alleged the trial court's imposition of the statutory maximum was unconstitutional, but the Kentucky Supreme Court affirmed the conviction, in relevant part. *Howard v. Commonwealth*, 496 S.W.3d 471 (Ky. 2016).

Then, Howard, *pro se*, filed an RCr 11.42 motion to vacate the judgment in the trial court, claiming his trial counsel was ineffective. Specifically, Howard claimed his trial counsel (1) represented him despite a conflict of interest (the grand jury had indicted Howard with three co-defendants, and trial counsel represented all of them); (2) failed to inform him of two prior plea deals the Commonwealth had allegedly offered; and (3) provided "affirmative misadvice" regarding his plea deal. The trial court denied the motion without an evidentiary hearing, and Howard appealed the order denying relief to this Court in 2019. *Howard v. Commonwealth*, No. 2018-CA-000340-MR, 2019 WL 5295113 (Ky. App. Oct. 18, 2019).

There, a panel of this Court affirmed the trial court on issues 1 and 3, but remanded on issue 2 for an evidentiary hearing to determine whether trial

counsel had informed Howard of the prior settlement offers. This Court held that "[Howard's] allegations [we]re not conclusively refuted by the record"; therefore, the circuit court needed to hold an evidentiary hearing on that issue. In September 2021, the trial court held the evidentiary hearing, and trial counsel, two of Howard's co-defendants, and Howard testified.

At the hearing, trial counsel testified that he had been a public defender for 16 years and had served as directing attorney of the Department of Public Advocacy office in that area since at least 2015. As such, he had years of experience with plea offers. Further, he testified that there had been only one plea offer in Howard's case – the 15-year offer – which he had told Howard about and Howard had rejected. Further, trial counsel recalled that, in terms of a plea, Howard authorized only five years to serve, and that "that was the most that [Howard] was ever going to take in the case." Additionally, he testified that in his conversations with the Commonwealth's Attorney, it did not appear it was going to be "a typical case in terms of plea negotiations" because it was not Howard's first offense. Trial counsel had believed that the lowest the Commonwealth would go was 15 years to serve, citing an email chain from April 2015:

> **Trial Counsel**: For what it is worth I can get him to 5 to serve based on a meeting I had with him after court. I realize that is pretty far from what you had proposed and I am sure that ship has probably sailed with [the Commonwealth's Attorney].

**Assistant Commonwealth's Attorney**: Yes the minimum offer will be 15 to serve.

[nine minutes later]

**Trial Counsel**: The max is 20 so I guess we're going to trial.

Trial counsel confirmed that he had not spoken with Howard in the nine minutes that passed between the last two messages, but that he had not considered it a rejection of the 15-year offer. He claimed that he intended his last email to inform the Commonwealth that the maximum sentence was 20 years and try to get a better offer. He further testified that after his many years working in that area, he "knew that the offer would remain on the table until [the Commonwealth] specifically rejected it." Therefore, he claimed Howard still could have accepted the 15-year offer at the next hearing, scheduled three days after the phone call on May 1, 2015.

Howard's appellate counsel asked trial counsel to what proposal his first email in that chain referred, but he could not remember an exact number or whether there had even been an explicit offer. He stated that after reviewing his file, the only definitive offer he thought he would get for Howard was the 15-year offer. Further, in his experience, the Commonwealth usually made written offers following plea discussions, and in this case, there was only a 15-year written offer.

Later in April 2015, there was a second email the Commonwealth sent to trial counsel that stated "[i]f we do not have a plea per the open to argue sentencing discussion we had earlier today we will want to proceed on all counts." When asked to explain that email, trial counsel stated that he believed it related to potential "other counts" that the Commonwealth was using as a "bargaining chip" to "make it seem like the open plea was . . . a bad idea."

Trial counsel, recalling "notes in [his] file,"[1] testified that he spoke with Howard on the phone on May 1, 2015, and they discussed the 15-year offer. Trial counsel testified that Howard rejected it over the phone, so the only other options were an open plea or to go to trial. Trial counsel testified that the Commonwealth had never "pulled the [fifteen-year offer] off the table" so it would have been a possibility until Howard took the open plea or went to trial. Additionally, trial counsel noted that it would not have been ideal to go to trial because there were videos of Howard selling illegal drugs to a confidential informant.

Contrary to trial counsel's testimony, two of Howard's co-defendants testified that there was a 10-year plea offer for Howard. The co-defendants claimed that if Howard had accepted the 10-year offer, they would have received

---

[1] Although trial counsel stated that he had the notes in his car and could retrieve them, no one requested to see the files.

lesser sentences.  They explained that by the time trial counsel had told them – and Howard – about the offer, he had already rejected it because "it was not a good deal."

Co-defendant 1, Howard's son, testified that he would have received pre-trial diversion, no jail time, and five years probated if Howard had taken the 10 years.  He testified that he had hoped Howard would take that offer because then he would not have gotten jail time.  At the evidentiary hearing, the Commonwealth asked that co-defendant whether he could have been mistaken about what trial counsel had told them, and he stated that he was not sure.

Co-defendant 2 testified that if Howard had taken the 10-year offer, he would have received "six five for five."[2]  Co-defendant 2 also testified that he heard trial counsel say that he had rejected the offer because it "was no deal at all" and that trial counsel had not told Howard about it before rejecting it.

Howard testified that he had met with trial counsel only twice, both of which were at the courthouse, in the presence of his co-defendants.  He testified that in those meetings, trial counsel had not informed him of the 10-year offer until after trial counsel had rejected it.  Further, he testified that he "might have" had phone conversations with trial counsel, but he did not specifically remember a May 1, 2015 call, and trial counsel had never informed him of a 15-year offer.

---

[2] Six months of incarceration, plus five years of probation for five years.

As for the interaction to which his co-defendants had testified, Howard stated trial counsel had relayed the Commonwealth's offer of "six five for five" for all three co-defendants[3] if he took the 10-year offer. However, trial counsel had told him that he had turned down the 10-year offer because he did not think it was a fair deal. Howard claimed that he did not comment on trial counsel's decision because he did not know that he could do so, and he was not familiar with the plea bargaining process. Howard testified that he would have taken the 10 or 15-year offer if he had known about them and if trial counsel had advised him to do so.

Additionally, as part of Howard's initial RCr 11.42 motion, he had submitted purported letters from 2017: some from his co-defendants to him and one from him to trial counsel. In his letter to trial counsel, Howard stated that the Commonwealth had offered all his co-defendants "six five for five" and that they were *not* contingent on his acceptance of the 10-year offer. Further, the co-defendants' letters to him contained a contingent 10-year offer and inconsistent sentences (discussed in more detail below).

Following the hearing, the circuit court denied Howard's RCr 11.42 motion as to the two plea offers. It noted that to be successful on an RCr 11.42 motion for ineffective assistance of counsel, Howard was required to

---

[3] Howard did not note a distinction between co-defendants' offers, as the co-defendants had.

-7-

"convincingly establish" that his counsel had failed to communicate valid plea offers to him "while [they were] still on the table." The circuit court found that Howard had failed to meet that burden.

First, the circuit court did not believe that the Commonwealth ever offered a 10-year plea deal because the only witnesses who testified to its existence were Howard and his co-defendants, and the trial court did not find them to be credible. Part of Howard's "proof" that there was a 10-year offer were the purported letters that each of his co-defendants had written to him within a two day span in 2017. The circuit court noted that the letters were inconsistent with the testimony at the September 2021 evidentiary hearing.

The purported letters contained inconsistent sentence options: for example, the letter from co-defendant 1 read, "if [Howard] would take the ten years, [the Commonwealth] would give [us] a split sentence of six months in jail and five years['] probation with remaining five years on the shelf." However, at trial, co-defendant 1 testified that if Howard pled to 10 years, he would have gotten pre-trial diversion, no jail time, and five years probated.

The trial court noted the inconsistencies between the letters and the testimony and suggested "the co-defendants coordinated the [] letters to be consistent, and then failed to maintain that consistency when testifying four years later." Additionally, the circuit court took issue with Howard's testimony that he

-8-

did not understand the plea bargaining process and that he had never "entered a plea to anything in this jurisdiction, in this courtroom before" because he *had*, in fact, entered a guilty plea in that jurisdiction.[4]

For those reasons, the circuit court did not find Howard or the co-defendants' testimony to be credible. Therefore, based on trial counsel's testimony, there was never a 10-year offer, and the 15-year offer had been offered to Howard and Howard had rejected it while it was still on the table. The circuit court did not believe that trial counsel's email stating "I guess we're going to trial" necessarily constituted a rejection of the Commonwealth's offer. The circuit court concluded that the response was too ambiguous to be considered a firm rejection, based on trial counsel's testimony that he intended the comment to serve as further negotiation and that, based on his experience, the Commonwealth did not take a plea off the table until it specifically revoked such offer.

Further, the circuit court noted that the Commonwealth's general practice was to give trial counsel a deadline before pulling offers, which had not happened here. Finally, the circuit court found that trial counsel had relayed the 15-year offer to Howard on May 1, 2015, and that Howard rejected that offer.

---

[4] Howard pled guilty to a drug paraphernalia charge in 2014. Carroll Circuit Court Case No. 13-CR-00171. In fact, the same trial counsel had represented Howard during that plea.

Again, the trial court did not find Howard's insistence that it had not happened to be credible.

Howard appealed, arguing that the trial court erred when it did not find trial counsel was ineffective. Specifically, Howard argues that trial counsel "summarily rejected" the settlement offers – one for 10 years, and one for 15 years – before relaying them to Howard, and such deficiency was prejudicial.

## STANDARD OF REVIEW

When reviewing an order denying an RCr 11.42 motion claiming ineffective assistance of counsel, this Court grants deference to "the trial court's factual findings and determinations of witness credibility." *Commonwealth v. McGorman*, 489 S.W.3d 731, 736 (Ky. 2016) (citation omitted). We review the trial court's factual findings for clear error. Kentucky Rule of Civil Procedure ("CR") 52.01. We will not disturb trial court findings if they are supported by substantial evidence. *Moore v. Asente*, 110 S.W.3d 336, 354 (Ky. 2003). Substantial evidence is that which "a reasonable mind would accept as adequate to support a conclusion" and that, when "taken alone or in the light of all the evidence, . . . has sufficient probative value to induce conviction in the minds of reasonable men." *Id.* at 354.

When reviewing trial counsel's performance under *Strickland v. Washington*, 466 U.S. 668, 687, 104 S. Ct. 2052, 2064, 80 L. Ed. 2d 674 (1984),[5] we apply the *de novo* standard. *Id.* (citation omitted). Under *Strickland*, a defendant must first show counsel's performance was deficient, and second, must show that the deficiency resulted in prejudice. *Strickland*, 466 U.S. at 687, 104 S. Ct. at 2064. This *Strickland* test applies to plea bargains as well. *Osborne v. Commonwealth*, 992 S.W.2d 860, 863 (Ky. App. 1998).

## ANALYSIS

The Kentucky Supreme Court, citing *Strickland*, detailed the standard by which we measure ineffective assistance of counsel:

> A claim of ineffective assistance of counsel requires a showing that counsel's performance fell below an objective standard of reasonableness, and was so prejudicial that the defendant has been deprived of a fair trial and reasonable result. Counsel is constitutionally ineffective only if performance below professional standards caused the defendant to lose what he otherwise would probably have won.

*Commonwealth v. Bussell*, 226 S.W.3d 96, 103 (Ky. 2007) (internal quotation marks and citations omitted).

The standard poses two questions: (1) did counsel's performance fall below an objective standard of reasonableness; and (2) if it did, was the

---

[5] The Kentucky Supreme Court adopted *Strickland* in *Gall v. Commonwealth*, 702 S.W.2d 37 (Ky. 1985).

-11-

unreasonableness so prejudicial that it deprived the defendant of a reasonable result? We address question two *only* if the answer to question one is "yes." *Commonwealth v. McGorman*, 489 S.W.3d 731, 736 (Ky. 2016).

"When faced with an ineffective assistance of counsel claim in an RCr 11.42 appeal, a reviewing court first presumes that counsel's performance was reasonable." *Id.* (citing *Bussell*, 226 S.W.3d at 103). The burden is then on the defendant "to establish convincingly" that counsel's performance was not reasonable and "that he was deprived of some substantial right which would justify the extraordinary relief afforded by the post-conviction proceedings provided in RCr 11.42." *Dorton v. Commonwealth*, 433 S.W.2d 117, 118 (Ky. 1968). In *Missouri v. Frye*, 566 U.S. 134, 145, 132 S. Ct. 1399, 1408, 182 L. Ed. 2d 379 (2012), the United States Supreme Court explained that defendants have a substantial right to counsel communicating "offers from the prosecution to accept a plea on terms and conditions that may be favorable to the accused."

Here, Howard argues that trial counsel acted unreasonably, depriving him of a substantial right, by failing to communicate the 15-year offer and the 10-year offer to him while they were still on the table. The Commonwealth argues, however, that Howard failed to convincingly establish that trial counsel did either of those things. We agree.

To analyze the reasonableness of trial counsel's actions, we must first address the circuit court's findings of fact regarding those actions: (1) that trial counsel had communicated the 15-year offer to Howard while it was still on the table and (2) that the Commonwealth never made a 10-year offer. Howard argues that the circuit court abused its discretion when it made such findings. As discussed, the Kentucky Supreme Court mandates that due regard be given to the opportunity of the trial court to judge the credibility of the witnesses and "mere doubt as to the correctness of a finding will not justify its reversal[.]" *Moore*, 110 S.W.3d at 354 (internal quotation marks and citations omitted). Therefore, if the trial court's findings were supported by substantial evidence, we will not disturb them.

Here the circuit court found trial counsel's email stating "I guess we're going to trial" was not a rejection of the 15-year offer. The circuit court explained that, based on trial counsel's testimony, "we're going to trial" was ambiguous and did not necessarily serve to reject the offer. Specifically, the circuit court based that understanding on trial counsel's testimony that he intended the statement to serve as an attempt to negotiate, not as a rejection.

Additionally, in the order denying Howard's RCr 11.42 motion, the circuit court acknowledged that trial counsel had been serving as a public defender in that region for 16 years. For that duration, trial counsel had experience

navigating the Commonwealth's plea offers. Trial counsel had testified that in that experience, the Commonwealth's offers stayed on the table until it specifically revoked them, which he had testified never happened in this case. Further, trial counsel was confident that if Howard had accepted the 15-year offer at the May 4 hearing, the Commonwealth would have agreed to it.

Nevertheless, trial counsel testified that Howard had rejected the 15-year offer over the phone on May 1, 2015. Howard, however, testified that he did not remember such phone call – although he testified he "might have" had some phone calls with trial counsel – and therefore, he claimed, trial counsel had not shared that offer with him before rejecting it. For the reasons discussed,[6] the circuit court found trial counsel's testimony to be more credible than that of Howard.

As such, the circuit court based its finding on substantial evidence, including trial counsel's testimony and years of experience, the Commonwealth's typical procedures regarding plea offers, and the credibility of the witnesses. Therefore, the circuit court did not abuse its discretion when it found the 15-year offer was still on the table when Howard rejected it over the phone. Therefore, we must not disturb the finding. *Moore*, 110 S.W.3d at 354. Accordingly, as to the

---

[6] Namely, Howard's insistence he had not pled guilty in that jurisdiction when he actually had.

15-year offer, trial counsel did not act unreasonably, and therefore was not ineffective.

Second, Howard argues the circuit court erred when it found there was never a 10-year offer on the table. As discussed, the circuit court did not find the co-defendants' testimony to be credible, citing inconsistencies in the particulars and the various contingencies (or lack thereof) of those offers. However, Howard contends that despite the inconsistencies, he and the co-defendants had identified a least common denominator: that the Commonwealth made an offer and trial counsel rejected it before relaying it to Howard. The Commonwealth, however, argues that those inconsistencies were not semantics, but another illustration of the lack of credibility.

The circuit court considered the inconsistent testimonies and purported corroborating evidence (the purported letters) and again found trial counsel's testimony to be more credible. Therefore, again, the circuit court's findings were based on substantial evidence, and we may not disturb them. *Id.*

Ultimately, we are left with a finding that trial counsel communicated a 15-year offer to Howard while it was still on the table and that Howard rejected it. Further, the Commonwealth had never offered a 10-year deal. Under those facts, trial counsel acted reasonably when it communicated the only offer – the 15-year offer – to Howard while it was still on the table. Therefore, trial counsel did

not deprive Howard of a substantial right and was not ineffective. Because the answer to our first question is "no," we need not move to question two.

## CONCLUSION

The denial by the circuit court of Howard's RCr 11.42 motion was supported by substantial evidence; therefore, it did not abuse its discretion and is AFFIRMED.


ALL CONCUR.


BRIEF FOR APPELLANT:                    BRIEF FOR APPELLEE:

Kara Stinson Lewis                      Daniel Cameron
La Grange, Kentucky                     Attorney General of Kentucky

                                        Thomas A. Van De Rostyne
                                        Assistant Attorney General
                                        Frankfort, Kentucky